In re REFERENDUM PETITION NO. 1, CITY OF GUYMON.

No. 32494. April 2, 1946.

167 P. 2d 881.

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, and Chester H. Lamar, of Guymon, for appellants.

Robinson, Shipp & Robinson and Earl Pruet, all of Oklahoma City, for appellees.

OSBORN, J. This is a petition filed by certain citizens of the city of Guymon to vacate and set aside the action of the city clerk of that city in rejecting a referendum petition filed with him by petitioners. By such referendum petition petitioners sought to submit to a vote of the citizens of Guymon an ordinance theretofore passed by the city council. When the petition was filed a protest contesting its validity was filed by certain other citizens, the protest was sustained by the city clerk, and the petition rejected upon the sole ground and reason

"That said Referendum Petition is insufficient, irregular, and invalid for the reason that a true and exact copy thereof was not filed in the Office of the City Clerk of the City of Guymon, Oklahoma, before said Petition was circulated and signed by electors, as required by Title 34, Oklahoma Statutes, 1941."

The city has not provided for the manner of exercising initiative and referendum powers and the action of the clerk was based upon the statutes and our decisions.

The sole question presented is whether, under our Initiative and Referendum Law, Title 34, O. S. 1941, the filing of a true and exact copy of the petition in the office of the city clerk, before such petition was circulated or signed by electors, is a prerequisite to the validity of such referendum petition.

Petitioners contend that the statutes makes a distinction between initiative petitions and referendum petitions, and that while the requirement that a true and exact copy of the petition be filed with the city clerk prior to the circulation of such petition is applicable to initiative petitions, it is dispensed with as to referendum petitions by virtue of the provisions of 34 O. S. 1941 § 52. They say that the reason underlying the requirement that such copy be filed is solely to fix the time within which the signed petition must be filed, and that by the provisions of section 52 the time is fixed, and that therefore the filing of the copy prior to the circulation of the petition is rendered unnecessary.

Section 8 of Title 34, O. S. 1941, provides that where citizens seek to invoke the initiative or referendum upon a statewide proposition they must, before such petition is circulated or signed by electors, file a true and correct copy of the same in the office of the Secretary of State, and within 90 days thereafter file the original signed petition. Section 51 makes the provisions of section 8 applicable to the invoking of the initiative or referendum in municipal matters. It provides that the duties imposed upon the Governor and Secretary of State by the law in matters of statewide concern shall, in matters of municipal concern, be performed by the chief executive and chief clerk, and then provides:

"The procedure in municipal legislation shall be, as nearly as practicable, the same as the initiative and referendum procedure for measures relating to the people of the state at large."

Section 52 provides:

"The signatures to each referendum petition against any ordinance, or resolution passed by a municipal legislative body shall be verified in the manner provided in Section 3373 (sec. 6, Title 34). The petition shall be filed with the chief executive officer within thirty days after the passage of such ordinance or resolution."

We have repeatedly held that in matters of only municipal concern, it was the duty of citizens seeking to procure municipal legislation by the use of initiative petitions to comply with the provisions of section 8 and file a copy of such initiative petition with the city clerk prior to circulating the same for

signature. In re Initiative Petition No. 2 of Cushing, 157 Okla. 54, 10 P. 2d 271; In re Initiative Petition No. 4 for Repeal of Charter of City of Cushing, 165 Okla. 8, 23 P. 2d 677; Whitson v. City of Kingfisher, 176 Okla. 145, 54 P. 2d 616. These holdings were based upon the provision of section 8, supra, rendered applicable to municipalities by section 51, supra. In Re Initiative Petition No. 2 of Cushing, supra, we said that the reason for said requirement was to prevent any fraud or deception in initiative and referendum proceedings, so that the city clerk, upon examination of the copy so filed and the original signed petition when the same was presented to him, could see that they were identical and that thereby he could assure himself that the proposition to be submitted had not been in any wise changed either before or after the petition was signed.

We find nothing in section 52, supra, which dispenses with this requirement. It simply provides that as to referendum petitions, the signatures shall be verified as provided by section 6, Title 34, and that the petition shall be filed within 30 days after the passage of the ordinance or resolution. The mere fact that it makes specific the time within which the signed petition must be filed does not, in our opinion, indicate an intent on the part of the Legislature to dispense with other required safeguards.

In State ex rel. Hunzicker v. Pulliam, 168 Okla. 632, 37 P. 2d 417, cited by petitioners as distinguishing between initiative and referendum petitions, the opinion shows that the citizens seeking the referendum filed a true and correct copy of the petition in compliance with section 8 of Title 34 before circulating the same for signature, and the question there presented and determined was whether the original petition was properly filed within the time specified by section 52.

In Whitson v. City of Kingfisher, supra, also cited by petitioners, the original petition for referendum was a paper written in longhand asking that the ordinance be submitted at a referendum election, which paper was signed by the plaintiff and one other person only. Such petition was so palpably insufficient that the court disposed of it without referring to the question herein involved.

No decision of this court holding that the filing of such copy is unnecessary in referendum proceedings is cited by petitioners. The filing of such copy in referendum proceedings is within the province of the Legislature. That body has seen fit to make such provision applicable both to initiative and referendum petitions, and we are not at liberty to disregard the plain provisions of the statute.

On review, the petition is held to be insufficient.

GIBSON, C. J., HURST, V. C. J., and RILEY, BAYLESS, DAVISON, and ARNOLD, JJ., concur.