CLARK v. GRAY et al.

No. 33952. March 6, 1951.

*228 P. 2d 654.*

222

J. B. Champion, Jr., Ardmore (Champion, Champion & Wallace, Ardmore, of counsel), for plaintiff in error.

Sigler & Jackson, Ardmore, for defendants in error.

DAVISON, J. This action in forcible entry and detainer was instituted in a justice of the peace court of Carter county, Oklahoma, by the filing of the petition of Pucella Gray, wherein she alleged that she was entitled to the possession of certain real estate in the city of Ardmore which had been lawfully entered by the defendant, Lella Clark, but was then unlawfully and forcibly detained. Many variations of the spelling of the names of the parties appear in the record and briefs. Defendant filed a verified motion to dismiss, alleging the invalidity of plaintiff's title and that defendant's possession was under a valid (oral) contract for purchase.

The case was thereupon transferred to the district court where an order was made remanding the same for the reason that the motion to dismiss was an improper pleading, and also because "title to property cannot be tried in a forcible entry and detainer case." The motion to dismiss was ordered stricken and a trial date set for the hearing in the justice court.

After remand, the defendant filed an answer and a motion to transfer the case to the district court, wherein the same general proposition was raised as in the first motion—the question of title to the property. The cause was again transferred to the district court. Plaintiff's motion that the matter be again remanded was overruled.

On the date the case was set for trial in the district court, upon stipulation of the parties, Janie Stephens was made an additional party plaintiff. The record of the evidence discloses that the property here involved, consisting of a house and lot, was originally owned and occupied by Janie Stephens and her husband, now deceased. That Janie Stephens was and for some time had been in ill health. That the defendant had lived with said Janie Stephens and her husband and, after his death, defendant continued to live there with Janie Stephens with the announced purpose of taking care of her. Defendant's mother and stepfather lived in another room of the house paying rent to Janie Stephens. This condition had existed some four or five years when, on October 3, 1947, Janie Stephens executed a warranty deed, covering the property, to the plaintiff, Pucella Gray. On the same date, said plaintiff had a notice to vacate served on defendant and this action followed. Defendant claimed that she had taken care of Janie Stephens and paid her bills during those years because of an oral contract with her for the conveyance of the property.

The case was tried to a jury who returned a verdict for defendant. A joint motion for new trial was filed by Pucella Gray and Janie Stephens, no judgment having been rendered on the verdict. Subsequently, the district court overruled the motion for new trial as to Pucella Gray, but as to Janie Stephens the motion for new trial was sustained, and it was further decreed "that the demurrer to the testimony of the defendant filed herein by the plaintiff Janie Stephens (the record discloses no such demurrer) be sustained and that the defendant, Lela Clark, be adjudged to be guilty of forcible and unlawful detainer. . . ." Then follows an order that execution issue for the removal of Lela Clark from said property. The judgment then re-

cites the exception of defendant and the usual notice of appeal and extension of time for serving and settling case-made and for executing supersedeas bond.

On the threshold of a consideration of such a confusion of facts, theories, and procedure, we are confronted with the question of the jurisdiction of the trial court. For this purpose, certain facts are undeniable: The action is in forcible entry and detainer; it was transferred to the district court before trial because of inclusion of a question of title to real property; defendant claimed the right to possession under an allegedly valid oral contract for purchase; the district court tried the case originally and rendered a judgment for possession.

Quite applicable here is the following statement of the Territorial Court, in the case of McDonald v. Stiles, 7 Okla. 327, 54 P. 487:

"It is the first duty of an appellate court, on the examination of a record, to look to its own jurisdiction, as well as the jurisdiction of the court from which the appeal was taken. Under our statutes (article 13, c. 67, St. 1893) justices' courts are given exclusive original jurisdiction in actions for forcible entry or unlawful detainer of lands or tenements, and the district courts of the territory have no original jurisdiction in such actions. Under our statutes governing the action of unlawful and forcible entry or unlawful detention, the action is purely a possessory action, and the title to the real estate in question cannot properly be put in issue. Deeds and other evidences of title may ordinarily be offered in evidence as proof of the right of possession (Oklahoma City v. Hill, 4 Okla. 521, 46 P. 568), but these evidences of the right to possession may be introduced under the general denial, or without any pleading (Oklahoma City v. Hill, supra)."

This rule has since been followed by this court in several cases, among which is the case of Scissem v. Bradley, 167 Okla. 161, 29 P. 2d 69, wherein it was held that 39 O.S. 1941 §87, dealing generally with the transfer of a case by a justice of the peace to the district court when a question of title to realty is involved, has no application to an action in forcible entry and detainer.

Defendant, in her answer, attacked plaintiff's right to maintain the action because of lack of title and defended her own right of possession under a claim of title. Whether or not plaintiff can maintain this action will depend, in its final analysis, upon the proof as measured by the provisions of 39 O.S. 1941 §393. It will depend, in part, "upon the nonexistence of a legally sufficient title in the defendant which entitles her to possession." Dix v. Burkhard, 191 Okla. 443, 130 P. 2d 837.

"Where it becomes necessary to try the title to real estate in order to decide the right of possession, the justice loses jurisdiction of said action, and (neither) the county court (or district court) nor this court on appeal acquires jurisdiction to try the title to the propty involved." McHenry v. Gregory, 57 Okla. 435, 156 P. 1158.

The district court of Carter county acquired no jurisdiction in the instant case to determine any question involved. It could determine questions of title involved only in an appropriate original action. It could determine questions of possession under the forcible entry and detainer statutes only by trial de novo on appeal after trial and judgment in the justice court. Neither of these situations obtained. Any statement or inference to the contrary of the views herein expressed, contained in the case of Cook et al. v. Ripley Consol. School Dist. No. 3, Payne County, 185 Okla. 80, 90 P. 2d 646, is expressly overruled.

The judgment is reversed and the cause remanded, with instructions to the district court to remand the same to the justice of the peace court of its origin for further procedure in harmony with the views herein expressed.

ARNOLD, C. J., LUTTRELL, V. C. J., and WELCH, HALLEY, JOHNSON, and O'NEAL, JJ., concur. CORN, J., dissents.