COMMUNITY GAS AND SERVICE COMPANY, Inc., Appellant-Proponent,

v.

Herman J. WALBAUM, Town Clerk of the Town of Hinton, Oklahoma, Appellee-Protestant.

No. 41474.

Supreme Court of Oklahoma.

July 20, 1965.

Simon B. Spradlin, Oklahoma City, for appellant.

Omer Luellen, Hinton, for protestant.

DAVISON, Justice.

In this proceeding, brought here by appeal from a decision of the Town Clerk of the Town of Hinton (in his capacity as the municipality's chief clerk), the court is called upon to determine whether the initiative petition under challenge is sufficient for submission to a vote of the local electorate. The initiative measure in question proposes the enactment of an ordinance granting to the Community Gas & Service Company, Inc., a franchise to construct and operate a natural gas distribution system.

After an adverse decision by the town clerk, appellant, who is the sponsor of the measure under consideration, brought this appeal in an effort to procure this court's declaration of the petition's validity. Appellant will be designated as "proponent." The nominal appellee, who is the municipal official named in the caption, as well as those persons who appeared here to continue the prosecution of their protest to the sufficiency of the petition, will be referred to collectively as "protestant."

In conformity with the principles enunciated by this court in its prior decisions, this cause was initially assigned to a referee with directions to afford the appealing proponent full relief by trial de novo and to report his findings of fact and conclusions of law. Shelton v. Lambert, Okl., 399 P.2d 467.

After a pretrial conference held by the referee, the parties submitted briefs on two legal questions deemed dispositive of this proceeding. Following submission of the briefs the referee recommended that the instant petition be declared invalid and ineffective on its face for want of compliance with the provisions of 34 O.S.1961, § 3, which require that the initiative petition contain on the outer page of each pamphlet a warning clause informing the signatory that it is a felony (1) to sign such petition with any name other than his own; or (2)

knowingly to place his signature more than once for the measure; or (3) to sign such petition when not a legal voter.

■ The Town of Hinton does not have a charter form of municipal government and the procedure prescribed by law for the state at large governs the initiation of municipal legislation in that town. 34 O.S. 1961, § 51; In re Referendum Petition No. 1, City of Guymon, 196 Okl. 661, 167 P.2d 881, 882.

■ The petition here under consideration consists of eleven pamphlets containing 167 signatures. Neither of these pamphlets contains on the outer page thereof, as required by 34 O.S.1961, § 3, a warning clause informing the signatory of the penal sanctions imposable by law for placing duplicate, false or fraudulent signatures or for signing the petition by one who is not a legal voter. The sole question for the court's determination is whether the omission of such warning clause is fatal to the validity of the initiative petition. The precise question is one of first impression.

The evident purpose of the warning clause required by our statute is to keep the petition free from the taint of duplicate, false, fraudulent and unauthorized signatures. The warning clause is just as essential to guard against and prevent fraud, deception or corruption of the initiative and referendum process as are such other indispensable requirements of the statute as (1) the pre-circulation filing of a copy of the petition required by 34 O.S.1961, § 8; In re Referendum Petition No. 1, City of Guymon, supra; Whitson v. City of Kingfisher, 176 Okl. 145, 54 P.2d 616; (2) timely post-circulation filing of the petition in compliance with 34 O.S.1961, § 8; State ex rel. Hunzicker v. Pulliam, 168 Okl. 632, 37 P.2d 417, 96 A.L.R. 1294; Foster v. Young, 149 Okl. 19, 299 P. 162; and (3) the execution of a circulator's verification prescribed by 34 O.S.1961, § 6. In re Initiative Petition No. 23, etc., 35 Okl. 49, 127 P. 862, 864; In re State Question No. 138, etc., 114 Okl. 285, 244 P. 801; In re Refer-

endum Petition No. 35, etc., 78 Okl. 47, 186 P. 485.

■ While clerical and technical defects in an initiative petition may and should be disregarded, 34 O.S.1961, § 24, a material departure from the statutory form renders an initiative petition ineffective and void. In re Initiative Petition No. 9 of Oklahoma City, 185 Okl. 165, 90 P.2d 665, 668. If a statutory provision is essential to guard against fraud, corruption or deception in the initiative and referendum process, such provision must be viewed as an indispensable requirement and failure to substantially comply therewith is fatal. In re Initiative Petition No. 23, supra; In re Referendum Petition No. 31, 68 Okl. 147, 172 P. 639, 640; In re Referendum Petition No. 35, supra; In re State Question No. 138, supra; Whitson v. City of Kingfisher, supra; In re Initiative Petition No. 142, 176 Okl. 155, 55 P.2d 455, 458.

We therefore hold that the failure to comply with the provisions of 34 O.S.1961, § 3, requiring an initiative or referendum petition to contain on the outer page of each pamphlet a warning clause admonishing a signatory of the penal sanctions imposable by law for placing multiple, false, fraudulent and unauthorized signatures, renders an initiative petition invalid on its face. The court is mindful that its conclusion herein is contrary to that reached by the Supreme Court of Oregon in Stevens v. Benson, 50 Or. 269, 91 P. 577, and Day v. City of Salem, 65 Or. 114, 131 P. 1028, 1031, Ann.Cas.1915A, 1011. The cited decisions of the Oregon Court do not appear persuasive because the statute of that state, therein construed, does not expressly require that a warning clause be inserted in the petition, but merely sets out what "shall be substantially the form of the petition" and provides that such form shall not be mandatory. Our statute, 34 O.S.1961, § 3, affirmatively provides in mandatory terms that a warning clause "*shall* be printed."

■ Where an initiative petition appears invalid on its face, the municipal clerk with whom it is filed may declare it insufficient

for submission to a vote. In re Referendum Petition No. 1, Town of Haskell, 182 Okl. 419, 77 P.2d 1152; Wyatt v. Clerk, Okl., 299 P.2d 799.

There was no error in the decision of the town clerk. The initiative petition under consideration is hereby declared insufficient.