**In re Matter of INITIATIVE PETITION FILED NOVEMBER 15, 1983.**

**No. 61983.**

Supreme Court of Oklahoma.

April 15, 1986.

R. Marc Nuttle, William Lee Borden, Jr., Norman, for proponents.

Lloyd Roberts, Moore, for protestants.

DOOLIN, Vice Chief Justice.

We review the procedures for initiating a change in the Charter of the City of Moore, Oklahoma, by initiative petition. The proposed charter enactment or amendment thereto dealt with limitations as to building single and multiple dwellings, zoning regulations and a definition of terms.

The proponents of the initiative petition prepared their petitions, began circulating them and on November 15, 1984 presented the petitions and signatures to the Municipal Clerk of Moore. The Charter of the City of Moore provides that the Laws of this State and the Constitution of Oklahoma shall be observed.[1]

Title 11 O.S.1981, § 15–103 A provides:

A. The form of the petition for either initiative or referendum in a municipality shall be substantially as provided in Sections 1 and 2 of Title 34 of the Oklahoma Statutes. *A true copy of each measure proposed by initiative and referendum shall be filed with the clerk of the municipality before it is circulated and signed by the registered voters.* [emphasis ours]

The proponents presented no evidence that they filed a true copy of the Initiative Petition with the City Clerk of Moore prior to November 15, 1984. Indeed, the City Clerk refused to assign a number to the Initiative Petition, and the petition was not published until December 23, 1984. We must therefore determine the effect of the *failure* to file a true copy of the initiative petition with the Municipal Clerk as required by 11 O.S.1981, § 15–103.

This Court has, at least on four previous occasions held that a citizen seeking to procure an amendment to a municipal charter by use of the initiative petition must file a true copy of such petition with the municipal clerk prior to circulating the same for signatures. *Foster v. Young,* 149 Okl. 19,

---

1. Article IX General and Miscellaneous Provisions.

\*     \*     \*     \*     \*     \*

Section 9–2 *Initiative and referendum.*

The powers of the initiative and referendum are reserved to the people of the city. In the exercise of these powers, the requirements of the state constitution and law shall be observed.

299 P. 162, 166 (1931); *In re Referendum Petition No. 2 of Cushing,* 157 Okl. 54, 10 P.2d 271, 280 (1932); *Whitson v. City of Kingfisher,* 176 Okl. 145, 54 P.2d 616, 620 (1936).

■ Even though the issue of jurisdiction was not raised by the parties, this Court has the power and duty to inquire into the propriety of our jurisdiction as well as the jurisdiction of the court from which appeal arises. *Hayhurst v. Hayhurst,* 421 P.2d 257 (Okl.1966), and *Clark v. Gray,* 204 Okl. 221, 228 P.2d 654 (1951). Upon such inquiry, it is clear from well-settled authority that statutory provisions regarding initiative petitions which are essential to guard against fraud are indispensable, and failure to substantially comply with such requirements as fatal to the validity of the petition. *Community Gas and Service Company v. Walbaum,* 404 P.2d 1014 (Okl. 1965).

In *In Re Referendum Petition No. 1, City of Guymon,* 196 Okl. 661, 167 P.2d 881 (Okl.1946), we described the filing requirement as follows:

> [T]he reason for said requirement was to prevent fraud or deception in initiative and referendum proceedings, so that the city clerk upon examination of the copy so filed and the original signed petition when the same was presented to him, could see that they were identical and that thereby he could assure himself that the proposition to be submitted had not been in any wise changed either before or after the petition was signed.

See also, *In Re Initiative Petition No. 2 of Cushing,* 157 Okl. 54, 10 P.2d 271 (1932).

■ Based on the foregoing, we hold that under 11 O.S.1981, §§ 15–102 and 15–103, filing a copy of the initiative petition with the City Clerk prior to its circulation is a jurisdictional requirement and failure to do so was fatal. The district court was therefore without jurisdiction to hear any action by the proponents of said petition.

The judgment of the trial court finding the said petition invalid is therefore AFFIRMED.

All Justices concur.