In re INITIATIVE PETITION NO. 342, STATE QUESTION NO. 628.

No. 74410.

Supreme Court of Oklahoma.

June 19, 1990.

As Corrected June 22, 1990.

As Corrected on Denial of Rehearing Sept. 17, 1990.

Frasier & Frasier by Thomas Dee Frasier, Tulsa, for protestants.

Andrews Davis Legg Bixler Milsten & Price by John C. Andrews, John F. Fischer, Douglas C. McBee, Robert H. Henry, Atty.

Gen. and Neal Leader, Asst. Atty. Gen., Oklahoma City, for proponents.

HODGES, Justice.

This is an original action challenging the validity of Initiative Petition No. 342, State Question No. 628 (Petition). Initiative Petition No. 342 repeals article IX, the article that created the Corporation Commission. The Petition contains three sections; article IX contains over 40 sections. Section 1 of the Petition provides that the members would be elected for a term of six years and sets out the jurisdiction and power of the Commission. Section 2 sets out the qualification for Commission members. Section 3 provides that sections 17 through 25 of the current article shall have the effect of statutes.

■ The protestants argue that the Petition violates the *one general subject rule* of article XXIV, section 1. Article XXIV, section 1 of the Oklahoma Constitution states:

No proposal for the amendment or alteration of this Constitution which is submitted to the voters shall embrace more than one general subject and the voters shall vote separately for or against each proposal submitted; provided, however, that in the submission of proposals for the amendment of the Constitution by articles, which embrace one general subject, each proposed article shall be deemed a single proposal or proposition.

Under this provision, an article which deals with a single scheme may be amended by submission of a single proposal. Article IX does not deal with a single scheme, only with subjects which are loosely related. The subjects which are contained in article IX include the following: (1) railroad and public service corporations, (2) the Corporation Commission, (3) the fellow-servant doctrine, (4) passenger fare, and (5) private corporations. Because article IX does not deal with a single scheme, we must examine the Petition to determine whether it complies with the one subject criteria.

The purpose of the one general subject criteria is to prevent deceit or the presentation of a misleading proposal and to prevent logrolling, the combining of unrelated proposals. *In re Initiative Petition No. 314, State Question No. 550,* 625 P.2d 595, 603 (Okla.1980). In *In re Initiative Petition No. 314,* this court adopted the following test:

If the different changes contained in the proposed amendment all cover matters necessary to be dealt with in some manner, in order that the Constitution, as amended, shall constitute a consistent and workable whole on the general topic embraced in that part which is amended, and if, logically speaking, they should stand or fall as a whole, then there is but one amendment submitted. But, if any one of the propositions, although not directly contradicting the others, does not refer to such matters, or if it is not such that the voter supporting it would reasonably be expected to support the principle of the others, then there are in reality two or more amendments to be submitted, and the proposed amendment falls with in the constitutional prohibition.

*Id.* at 603 (quoting *Kerby v. Luhrs,* 44 Ariz. 208, 36 P.2d 549 (1934)).

Some of the amendments incorporated into the Petition are as follows:

(1) removes the right of certain corporations to construct and operate lines between any points in the state;

(2) removes the requirement that railroad companies and oil pipe companies transport each other's cargo and tonnage or oil and that communication companies transmit each other's messages;

(3) removes the prohibition against foreign corporations consolidating with domestic corporations;

(4) removes the prohibition against transportation companies giving free passes;

(5) removes the restriction allowing only domestic corporations to use the power of eminent domain;

(6) removes the provision abrogating the fellow-servant doctrine rule;

(7) removes the prohibition against corporations issuing stock except for consideration;

(8) removes the prohibition against corporations influencing elections or official duty by making contributions;

(9) removes the requirement that mining and public service corporations arbitrate labor disputes;

(10) removes the prohibition against bank or trust companies holding or controlling stock in another bank or trust company; and

(11) removes several provisions from the Constitution and makes them statutes.

In addition, the Petition replaces the provisions of article IX which establish the Corporation Commission, sets the terms and qualification for members of the Commission, and define the jurisdiction and power of the Commission.

There are numerous subjects covered by the Petition ranging from financial institutions holding stock in another financial institution to the power of eminent domain of foreign corporations to the fellow-servant doctrine rule. The only connection that these topics have to each other is that they all tangentially relate to the general subject of corporations. Otherwise, they are unrelated. For example, it is clear that the power of eminent domain of foreign corporations is inconsequential to the fellow-servant doctrine rule. And the prohibition against a bank holding stock in another bank is extraneous to both the power of eminent domain and the fellow-servant doctrine rule. There is no doubt that these topics do not meet the one general subject test.

In *In re Initiative Petition No. 314*, 625 P.2d at 595, the petition addressed three subjects—advertising of liquor, franchising the sale of liquor, and liquor by the drink. This Court found that the submission of the three subjects violated the one subject rule of article XXIV. *Id.* at 607. The proposals contained in Initiative Petition No. 314 had a closer nexus than the proposals contained in the present Petition.

Voters should not have to adopt measures of which they really disapprove in order to embrace propositions that they favor. The changes proposed by the Petition are not so related that a voter supporting one of the proposed measures can reasonably be expected to support all of the changes. The Petition simply does not allow voters a choice. The Petition embraces more than one general subject in violation of article XXIV, section 1. See, *In re Initiative Petition No. 319*, Okl., 682 P.2d 222 (1984).

▆▆ The protestants also argue that the Petition is invalid because the statement on the Petition and the ballot title do not comply with the statutes. Title 34, section 3 of the Oklahoma Statutes requires that the Petition contain "[a] simple statement of the gist of the proposition," and section 9 requires that the ballot title, in no more than 150 words, explain the effect of the proposition. The right of initiative petition is not absolute with both constitutional and statutory limitations placed on the process. *Community Gas and Service Co. v. Walbaum*, 404 P.2d 1014, 1016 (Okla.1965). The purpose of these two statutes is to prevent deceit and fraud. When statutes have been promulgated for those purposes, the provisions are indispensible and noncompliance is fatal. *Id.*

Article IX contains five separate subjects; the Petition proposes at least fourteen changes. The changes cover subjects from the terms and qualification of Commission members to the power of eminent domain. The statement on the Petition, as well as the ballot title, reflect only a few of the changes. The statement on the Petition does not contain the gist of the proposition as the ballot title does not explain the effect of the proposal.

One of the pitfalls of having a petition that addresses several subjects is that the ballot title cannot be written to accurately reflect the contents of the Petition. The ballot title and the statement on the Petition, becomes so insufficient that they are deceptive and misleading. The statement on the Petition provides that "[t]he measure also removes from the Constitution various restrictions on business corporations." Neither the statement on the Petition nor the ballot title warns voters that the provision abrogating the fellow-servant

**334**

doctrine rule is repealed, that the Constitution would no longer prohibit foreign corporations from exercising the power of eminent domain, or that the prohibition against corporations influencing elections or official duty by making contributions would be removed. The statement on the Petition and the ballot title are simply insufficient to warn voters of these effects of the Petition.

The ballot title should be sufficient to allow the voters to make an informed choice. The statement on the Petition should be sufficient that the signatories are at least put on notice of the changes being made. In this case, both the statement on the Petition and the ballot title do not serve these intended purposes.

While it is the constitutional right of the electorate to amend the Oklahoma Constitution, it is this Court's responsibility to see that the process is carried out in a nondeceitful way. This Court must ensure that a vote for the amendment of the Constitution reflects the actual intent of the voters and that a signature on the Petition does likewise. The statement on the Petition and the proposed ballot title do not accurately reflect the contents of the Petition and are deceptive and misleading.

INITIATIVE PETITION NO. 342, STATE QUESTION NO. 628, IS INVALID AND IS ORDERED STRICKEN FROM THE BALLOT.

SIMMS, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER, J., dissent.

LAVENDER, Justice, dissenting:

I respectfully dissent. I would view the matter more liberally and would allow the voters of Oklahoma to pass on whether a majority of them wishes to repeal entirely the present Article 9 in favor of the new proposed Article 9. Because of the provision in Section 3 of Article XXIV that:

"This article shall not impair the right of the people to amend this Constitution by a vote upon an initiative petition therefor."

and because Section 1 appears to treat a proposed amendment of the Constitution by article as "a single proposal or proposition," I would declare the petition valid.

In the case of *In re Initiative Petition No. 314, State Question No. 550,* 625 P.2d 595, Okla.1981 on page 608 appears the following:

The changes sought by the multifarious proposal could have been effected either by submission of three separate proposals or a submission amending, under Art. 24, § 1, the entirety of Art. 27, as an amendment by article, as was done in 1959 when prohibition was repealed and (a new) Art. 27 was submitted and adopted by a vote of the people.

The majority opinion seems to take the position that because the present Article 9 contains many varied and different matters, the people are limited to *repealing* that article subject by subject. In my view this is inconsistent with the power of the initiative petition contained in the Oklahoma Constitution.

I am authorized to state that OPALA, V.C.J., concurs in the views expressed herein.