This is an appeal from the action of the Attorney General in submitting a ballot title different from the one submitted by the proponents of the referendum petition.
The act involved is one enacted by the Legislature amending the law relative to the operation of slot machines and providing for the payment of a license fee for the operation of certain types of slot machines therein defined, and making it unlawful to operate or permit the operation of a slot machine played by others for money.
Petition to have the matter referred to the people was filed.
The proponents of the petition presented to the Secretary of State a ballot title, which was submitted to the Attorney General as provided by law. The Attorney General disapproved the same and submitted one in lieu thereof. The proponents, being dissatisfied with the ballot title submitted by the Attorney General, appeal to this court.
The act above mentioned is known as House Bill No. 410, passed by the Fifteenth Legislature.
The gist of the proposition as stated by proponent was, Shall House Bill No. 410, etc. (briefly describing the act), "Be repealed by the People of the State of Oklahoma?" The question to be placed on the ballot preceding the squares in which the voters were to express their choice was stated as: "Shall it be repealed?"
The gist of the proposition as stated in the ballot title submitted by the Attorney General is not materially different in stating the matters covered by the act, but the title prepared by the Attorney General stated the question, "Shall it be adopted?"
The matter in controversy, therefore, is whether the question to be printed on the ballot should be "Shall it be repealed?" or "Shall it be adopted?"
The Constitution, section 2, art. 5, provides two methods by which matters may be referred to the people under the power of referendum. The different methods are dependent upon whether the matter is referred by petition or by the Legislature. In either case it is provided by section 3, art. 5, of the Constitution that "any measure referred to the people by the referendum shall take effect and be in force when it shall have been approved by a majority of the votes cast thereon, and not otherwise."
Irrespective of the title, the real question is, "Shall the act be approved?" If it is not approved by a majority vote, it stands inoperative.
Under the Constitution and law the filing of the petition signed by the requisite number of legal voters within the time provided by law operates to stop or suspend the operative effect of an act passed by the Legislature and referred by it to the people. Such an act when duly referred never becomes operative until approved by a majority of the voters.
The proper question to place on the ballots is: "Shall it be approved?" Since there is a controversy in the matter, we deem it best to follow the plain wording of the Constitution and state the question in accordance therewith. The Attorney General in his brief suggests that this might be the better way.
We, therefore, hold that the proposition as stated by the Attorney General and the question prepared by him to be placed upon the ballot should be approved with the change of the word "adopted," where it appears therein, to the word "approved."
It is ordered that the ballot title be as follows:
 "STATE QUESTION NO. 216. REFERENDUM PETITION NO. 71.
THE GIST OF THE PROPOSITION IS AS FOLLOWS:
"Shall House Bill No. 410, of the Fifteenth Legislature, which bill:
(a) Amends Section 2193, and repeals Section 2194, Oklahoma Statutes 1931 (thereby repealing statutory provisions which made unlawful the operation, etc., of slot machines for property, checks, credits, or any representative of value), and (b) defines automatic vending machines and pin or marble machines and legalizes the operation etc., thereof on a State license fee basis, be approved by the people?
YES 
Shall it be approved?
NO "
OSBORN, C. J., and BUSBY. WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., absent. *Page 124