In re: REFERENDUM PETITION NO. 130, STATE QUESTION NO. 395.

No. 39025.

Supreme Court of Oklahoma.

Aug. 3, 1960.

Richard J. Spooner, John K. Speck, Oklahoma City, Oklahoma, for protestant.

Miskovsky & Miskovsky, Oklahoma City, for proponent.

PER CURIAM.

This is an appeal from the order of the Secretary of State holding Referendum

Petition No. 130, State Question No. 395, sufficient to call for a vote of the people. The Twenty-seventh Legislature passed Senate Bill 153 providing for the withholding of income taxes from employees by employers on and after July 1, 1959, 68 O.S.Supp. §§ 901, 931 et seq. Before the Act went into effect proponent filed with the Secretary of State the Referendum Petition consisting of 54,117 signatures. Protestant filed on objection to the petition and after a hearing thereon the Secretary of State entered the order under date of January 21, 1960, declaring the petition sufficient. The appeal is from that order. The parties will be referred to as proponent and protestant.

It is not denied that 54,117 signatures is a sufficient number to constitute a good and sufficient referendum petition. No contest was made on the individual signature of any signer. The protestant raises three propositions of law on the face of the petition, which is as follows:

"To the Honorable J. Howard Edmonson, Governor of the State of Oklahoma:

"The undersigned respectfully shows that the 27th Legislature of the State of Oklahoma at the Regular Session thereof, passed Senate Bill No. 153, providing for the withholding of income taxes from employees by employers on or after July 1, 1959, as follows:

"'An Act Relating To Income Taxes; Providing For The Withholding Of Income Taxes From Employees By The Employers On And After July 1, 1959; Defining The Term Employer, Employee And Wages; Providing For The Use Of Certain Forms And Returns Prescribed By The Oklahoma Tax Commission To Carry Out The Provisions Of The Act; Providing For The Disposition Of The Amounts Received By The Commission From Employers As Withholding Taxes; Amending Section 901 Title 68 O.S.1951, As Amended, Relating To The Filing Of Returns, The Payment Of Taxes And Penalties; And Making Provisions Severable.'"

"And we, the undersigned citizens and legal voters of the State of Oklahoma, respectfully order that Senate Bill Number 153 of the 27th Legislature of the State of Oklahoma, shall be referred to the people of the State of Oklahoma for their approval or rejection at the next regular election to be held throughout the State or at a special election ordered for the express purpose of making such reference; and each for himself says: I am a legal voter of the State of Oklahoma; my residence and post office are correctly written after my name.

"Referendum petitions shall be filed with the State not more than ninety (90) days after the final adjournment of the Legislature which passed the Bill on which the referendum is demanded.

"The question we herewith submit to our fellow voters is: Shall Senate Bill Number 153 As Quoted Above, Be Approved Or Rejected?"

34 O.S.1951 § 1, is as follows:

"The referendum petition shall be substantially as follows:

"Petition for Referendum.

"To the Honorable .......... Governor of Oklahoma, or (To the Honorable ............ mayor, chairman of county commissioners, or other chief executive officer, as the case may be, of the city, county or other municipal corporation of ............):

"We, the undersigned citizens and legal voters of the State of Oklahoma (or district of ............, county of ............ or city of ............, as the case may be), respectfully order that the Senate, or (House) Bill No. ......, entitled, (title of Act, and if the petition is against less than the whole Act, then set forth here the part or parts on which the referendum is sought), passed by the ............ Legislature of the State of Oklahoma, at the regular, or (special) session of said Legislature, shall be referred to the people of the State, (district of ............, county of ............,

or city of ............, as the case may be) for their approval or rejection at the regular, or special election to be held on the .... day of ........, A.D. 19..., and each for himself says: I have personally signed this petition; I am a legal voter of the State of Oklahoma, and (district of ............, county of ............, or city of ............, as the case may be): my residence and post office are correctly written after my name.

"Referendum petitions shall be filed with the Secretary of State not more than ninety days after the final adjournment of the session of the Legislature which passed the bill on which the referendum is demanded. (This for State referendum. For county, city or other municipality the length of time shall be three months.)

"The question we herewith submit to our fellow voters is: Shall the following bill of the Legislature be vetoed:

"Name ......., Residence ......., Postoffice ........ If in city, street and number.

"(Here follow twenty numbered lines for signatures.)"

Protestant first argues that the form of the petition is fatally defective because there is omitted therefrom the words "I have personally signed the petition." 34 O.S.1951, § 24 provides:

"The procedure herein prescribed is not mandatory, but if substantially followed will be sufficient. If the end aimed at can be attained and procedure shall be sustained, clerical and mere technical errors shall be disregarded."

 We have repeatedly held that a substantial compliance with the provisions of the laws relating to the initiative and referendum is sufficient. Lowther v. Nissley, 38 Okl. 797, 135 P. 3; Ruth v. Peshek, 153 Okl. 147, 5 P.2d 108; In re Initiative Petition No. 176, State Question No. 253, 187 Okl. 331, 102 P.2d 609. It is not ar-

gued that any name on the petition is not the genuine signature of the signer. The presumption is that each signature is genuine. Ruth v. Peshek, supra. The petition states that the undersigned are citizens and legal voters of the State of Oklahoma. We hold the petition was not fatally defective by failure to include the specific statement as to personally signing.

■ Protestant next argues that the petition is fatally defective because it does not contain the language, "shall the following Bill of the Legislature be vetoed" and instead uses the phrase, "shall Senate Bill No. 153 as quoted above be approved or rejected". We have found only one case in which this court has considered a similar phrase in the petition, In re State Question No. 236, Referendum Petition No. 73, 183 Okl. 355, 82 P.2d 1017, in which it is held the phrase used in the statute in the form set out in 34 O.S.1951 § 1 is sufficient. Two other cases considered the proper phrase to be used in the ballot title and approved the phrase "Shall it be approved". In re State Question 216, Referendum Petition No. 71, 180 Okl. 122, 68 P.2d 424, and In re State Question No. 236, Referendum Petition No. 73, 183 Okl. 467, 83 P.2d 572. There is no suggestion in In re State Question No. 236, Referendum Petition No. 73, supra [183 Okl. 355, 82 P.2d 1022] that the use of the phrase "Shall the following bill of the legislature be vetoed" was mandatory. If the use of other language in the ballot title is sufficient as held in In re State Question No. 216, Referendum Petition No. 71, and State Question No. 236, Referendum Petition No. 73, supra, we see no reason to hold that the use of the phrase "Shall the bill be approved or Rejected" should be such a departure as to be fatal. The voters could not be misled by such language. We hold the petition was in substantial compliance with the law in this respect.

■ Finally protestant argued that the petition in order to be valid must contain and include the text of Senate Bill No. 153. In support of this contention protestant cites Townsend v. McDonald, 184 Ark. 273, 42 S.W.2d 410; Westbrook v. McDonald, 184 Ark. 740, 43 S.W.2d 356, 44 S.W.2d 331, and Shepard v. McDonald, 188 Ark. 124, 64 S.W.2d 559. These cases construe the provisions of the Arkansas statute (Acts 1911, Ex.Sess., p. 582) which requires a full and correct copy of the measure to be attached to the petition. There is no such requirement either in our constitution or the laws enacted in pursuance thereof as to a referendum petition despite the argument of protestant that 34 O.S.1951 § 4 does make this requirement.

We fail to find such requirement in that section. The cited cases are, therefore, neither applicable nor persuasive on the particular question.

We are of the opinion that a substantial compliance with the legislative requirement is sufficient. The Supreme Court of Oregon has passed on this question in the cases of Stevens v. Benson, 50 Or. 269, 91 P. 577, and Palmer v. Benson, 50 Or. 277, 91 P. 579. In Stevens v. Benson, supra [50 Or. 269, 91 P. 579], it is stated:

"It is claimed by defendant, however, that the statute in this case, in so far as it related to the warning clause contained in the form for the petition, is directory only, and that it constitutes no element of the petition proper, and therefore its omission from the petition in this case is not fatal. The statute has not in terms enacted that there shall be a warning clause upon the petition, but only in giving the form of the petition included a warning therein, which it provides 'shall be substantially the form of the petition,' and further provides that 'the forms herein given are not mandatory, and if substantially followed in any petition it will be sufficient, disregarding clerical and merely technical errors.'"

Although our statute in giving the form of the petition does not state, as the Oregon statute does (Laws 1907, p. 399), that it is not mandatory, 34 O.S.1951 § 24, does state that a substantial compliance is all that is necessary. The title of the Act re-

veals the full intention of the legislative enactment.

We are of the opinion that the reasoning in the Oregon cases are persuasive and that the petition was not fatally defective for failure to copy the entire measure.

The finding of the Secretary of State is sustained and the referendum petition is held sufficient.