In the Matter of REFERENDUM PETITION NO. 94–1.

**William J. BAKER, Protestant/Appellant,**

**and**

**Stillwater National Bank & Trust Company and Judi D. Baker, Co–Trustees of the Robert H. Donaldson Trust, and Jean Orr Donaldson, Intervenors/Appellants,**

**v.**

**Karen MULLENDORE and Evelyn Quillen, Petitioners/Appellees,**

**and**

**City of Stillwater, Respondent/Appellee.**

**No. 84976.**

Court of Appeals of Oklahoma, Division No. 4.

April 23, 1996.

William J. Baker, Hert & Baker, P.C., Stillwater, for Appellants.

REIF, Judge.

An opponent of Referendum Petition 94–1 submitted to the City of Stillwater appeals the trial court's judgment that the petition was legally sufficient. This judgment overruled the city clerk's determination that the petition was insufficient for its failure to meet statutory requirements. The opponent of the referendum contends that the city clerk's determination was correct, because the referendum petition does not contain "an exact copy of the title and text of the measure" for which the referendum is sought, as required by 34 O.S.Supp.1995 § 1. The opponent believes that this is not a defect that can be saved by the rule of substantial compliance. Upon review, we must agree.

Referendum is the power of the affected electorate to approve or reject an act by a legislative body. To this end, the legislature has required that referendum petitions inform the electorate that the question presented is the approval of a *particular* "bill," "ordinance," or "resolution—local legislation," the text of which is to be set out for the electorate to review. The referendum petition in question does not impart sufficient notice that the question submitted involves approval or disapproval of an enacted zoning ordinance, but merely refers to a "PROPOSED ZONE CHANGE." Even the trial court observed that the referendum petition did not make clear "whether the people are proposing a zoning change, or wish to protest a zoning change." The rule of substantial compliance was intended to save a referendum petition from challenges grounded on technical and clerical defects, but cannot be invoked to excuse noncompliance with the critical requirement of notice to the electorate of the specific legislative act they are called upon to approve or repeal.

For the foregoing reasons, we hold that Referendum Petition No. 94–1 submitted to the City of Stillwater is legally insufficient due to its noncompliance with 34 O.S.Supp. 1995 § 1. Accordingly, we reverse the trial court's judgment and remand with directions to vacate its order to submit the referendum to an election.

REVERSED AND REMANDED WITH DIRECTIONS.

TAYLOR, P.J., and RAPP, C.J., concur.