OPINION OF THE COURT
DARRELL DOWTY, Chief Justice.
Because we find this Opinion dispositive of the issues in JAT-OI-06 and JAT-01-14, the cases are hereby consolidated and the Clerk of this Court is directed to cause a copy of this Opinion to be filed in both cases. This matter is properly before this Court pursuant to Article VII of the Constitution of the Cherokee Nation.
I. HISTORY OF THE CASES/LITIGATION
The Council of the Cherokee Nation passed Legislative Act 28-99 on December 13, 1999, amending Title 19, Chapter 3, Section 21, CNCA, entitled “Compensation of the Council Members”. Subsequently, Cherokee Citizens circulated a Referendum Petition pursuant to Article XV, Section 1 of the Constitution of the Cherokee Nation seeking a referendum vote on LA 28-99. On March 23, 2000, the Referendum Petition was filed with the Secretary/Treasurer of the Nation and the Election Commission certified 413 signatures to the Chief of the Nation on April 19, 2001. The parties agree that 387 valid signatures are required to submit the matter to a vote of the people pursuant to the formula found in Section 3 of Article XV of the Constitution of the Cherokee Nation.
On April 30, 2001, Petitioners filed JAT-01-06, challenging the Referendum Petition on several grounds. On August 15, 2001, the Council passed Legislative Act 28-01, purporting to repeal Legislative Act 28-99. On October 24,2001, the Chief of the Nation, in the proper exercise of his Constitutional duty, directed the Election Commission to conduct a special election on the Referendum within 120 days. On November 15,2001, the Plaintiff Cherokee Nation Council members, individually and in their official capacities, filed JAT-01-14, seeking declaratory, temporary and permanent injunctive relief on the Referendum. Subsequently, Councilman Garvin has withdrawn from the litigation.
II. DECISION OF THE COURT
On December 7, 2001, a hearing was held upon the Plaintiffs’ prayer for injunc-tive relief in JAT-01-14. We agree with the authority cited by the Plaintiffs setting out five requirements for the granting of injunctive relief.[1] We find it necessary to address two of the sub-propositions alleged in support of the first requirement under Holder, to-wit: Likelihood of Prevailing on the Merits. First, in sub-proposition “D”, Plaintiffs allege that because LA 28-99 was repealed by LA 28-01, the Act subject to the Referendum is void and no longer subject to a Referendum vote. A careful examination reveals that although there are changes to LA 28-99 by the passage of LA28-01, the provisions deal with the same subject matter and are substantially the same. Each deals with an increase in compensation of the Council members. Although the Council had legitimate rea *14 sons for attempting to re-write LA-28-99, we must look not to intent, but to the effect of their action on the Constitutional right of Referendum reserved to the people by the Constitution. In doing so, we will look to the guidance of Oklahoma precedent consistent with the prior holding in Cornsilk et al. v. Byrd, JAT-96-18, In Oklahoma Tax Commission v. Smith, 1980 OK 74, 610 P.2d 794, in 125, the Court stated:
“... this Court has set forth the principle that the legislative body may not affect a question while that issue is pending a vote of the people.” citing In re Referendum Petition # 1, 203 Okl. 298, 220 P.2d 454. (1950)
In this case, the effect of the passage of LA-28-01, is to abrogate that reserved right by reenacting the same Act in substance while the Petition on Referendum was pending. We must find that the passage of LA 28-01 during the pendency of the Referendum on LA 28-99, violated the Constitutional right of Referendum reserved to the people, and is therefore, null and void.
Secondly, we must consider Plaintiffs’ allegation that the Petition circulated regarding the Referendum is insufficient on its face to inform a person signing of the matter to be voted on. The right of Referendum is a right reserved to the people by the Constitution and is deserving of the highest priority and deserving of the highest level of consideration by this Court. The Referendum Petitioners are before this Court pro se seeking a just and timely resolution of this matter and a vote upon the question. We have attempted to give the greatest deference to the acts and arguments of these pro se litigants. Further, the Referendum Petitioners embarked upon the exercise of the Constitutional right of Referendum without any guidance as to procedure except the language Article XV of the Constitution. Section 5 of Article XV provides that “The Council shall make suitable provisions for the carrying into effect the provisions of this Article.” Unfortunately, at the time of the circulation of this Petition for Referendum, the Council had not enacted legislation to give guidance in the exercise of the right of Referendum as mandated by the Constitution. Subsequently, the Council as enacted a comprehensive Act to implement these rights in LA 19-01. This action comes too late for these referendum petitioners.
The descriptive language of the Referendum Petition form in these cases, is as follows:
“By virtue of the power reserved to the people in the Cherokee Nation Constitution at Article XV, Sections one, three, five and six, We the undersigned citizens of the Cherokee nation, registered voters one and all, do, by this petition, call for a referendum on Cherokee Nation Legislative Act 28-99.”
The only information on the face of the Petition identifying the subject of the Referendum is the number of the legislative act. In the absence of a Council enactment, we look to other precedent for guidance as to any requirement of descriptive information on the face of a Referendum petition. In doing so, we look for the minimum necessary to give effect to the attempted exercise of the Referendum by our citizens. The State of Oklahoma has a comprehensive Act providing procedure for initiative and referendum.[2] It appears that the Nation has patterned its LA 19-01 after that Act. Oklahoma requires “substantial compliance” with the information *15 required to be on the form of the petition.[3] Oklahoma law also requires the inclusion of the text and title of the legislation under Title 34 O.S. § 1. The Oklahoma courts have found that:
“The rule of substantial compliance was intended to save a referendum petition from challenges grounded on technical and clerical defects, but cannot be invoked to excuse noncompliance with the critical requirement of notice to the electorate of the specific legislative act they are called upon to approve or repeal.”
Referendum Petition No. 94-1, 1996 OK CIV. APP. 50, ¶ 2, 920 P.2d 531, 532 (1996)
While we do not hold these pre-LA 19-01 Petitioners to the strict requirements of the Oklahoma Act, we believe that it is critical that a person signing a referendum petition understand the substance of the legislative action subject to the referendum. At a minimum, the petition should have contained the title of the act. Without this information on the face of the Petition, the person signing is left to word-of-mouth or other potentially unreliable source for information on the substance of the act subject to referendum. With the required content on the face of the petition form, the person signing is presumed to understand the subject of the referendum and extrinsic evidence is unnecessary. In these eases, this Court FINDS that the Referendum Petition herein does not contain on its face the minimum information necessary to inform the electorate of the substance of the Act they are seeking to repeal.
In this case, we find ourselves having to reject an attempt at the exercise of the power of referendum because of a deficiency on the face of the petition. We do so with great reluctance. The Petitioners sought to exercise this power without the guidance mandated by the Constitution to be provided by the Council, resulting, at least in part, in the Council benefiting directly from their own inaction.
The Plaintiffs have alleged various irregularities in the circulation of the petition. Our review of the evidence presented to this point, does support the allegation. We do not reach the question of whether these irregularities were so pervasive as to invalidate the process. Further, we are convinced that many honest citizens tried honorably to exercise the right of referendum and have been thwarted by this unfortunate process. It is our sincere hope that this litigation does not discourage the citizens of this Nation in the exercise of the Initiative and Referendum and we encourage the branches of this government to protect, defend and give priority to the rights reserved to the people by our Constitution.
IT IS THEREFORE ORDERED that because our ruling herein precludes further exercise of the Referendum on LA 28-99, the Plaintiffs’ Application for permanent injunction is hereby GRANTED.
DARELL R. MATLOCK JR., Justice, concurs.

. Holder, et at. v. Byrd. JAT-97-14—
1) Likelihood of Prevailing on the Merits
2) Immediate Harm
3) No Adequate Remedy at Law
4) Irreparable Harm
5) Balancing of Interest, including that of the Public

. Title 34 OS. § 1, et seq.

. Referendum Petition No. 130, St. Question No. 395, 1960 OK 185, 354 P.2d 400 (1960)