2007 OK CIV APP 19

## In re REFERENDUM PETITIONS NO. 0405–1, 0405–2 AND 0405–3, OF the CITY OF NORMAN, Oklahoma.

### Leslie D. Crabtree and Pamela F. Jennings, Respondents/Appellants,

v.

### Sassan Moghadam and Anthony Mirzaie, Protestants/Appellees.

#### No. 102471.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 17, 2006.

Certiorari Denied Nov. 20, 2006.

---

4. 1986 OK 51, 733 P.2d 375.

Stanley M. Ward, Woodrow K. Glass, Scott F. Brockman, Ward & Glass LLP, Norman, OK, for Respondents/Appellants.

H.L. Heiple, Norman, OK, for Protestants/Appellees.

CAROL M. HANSEN, Judge.

¶ 1 In this action protesting three related referendum petitions filed in the City of Norman, Appellants, Pamela Jennings and Leslie Crabtree (Proponents), who were the signatory proponents of the petitions, appeal from the trial court's order dismissing the petitions as invalid. We hold the trial court was correct in finding the petitions fatally insufficient for failure to include exact copies of the text of the ordinances which were the subjects of the petitions. We affirm.

¶ 2 On September 24, 2004, the Norman City Council adopted three ordinances which rezoned certain real property from agricultural use to single family dwelling in two cases, and from residential estate dwelling and agricultural use to single family dwelling in the other. Proponents filed three referendum petitions correlating to the three ordinances on October 8, 2004. The petitions would put the three rezoning ordinances to a vote of the "people of the City of Norman." After being circulated for gathering signatures, the signed copies were submitted to the City Clerk of Norman on October 28, 2004. The City Clerk gave notification of the filing by publication on November 3, 2004.

¶ 3 Appellees, Sassan Moghadam and Anthony Mirzaie (Protestants), who owned interests, either individually or jointly, in the real property parcels which were the subject of the rezoning, filed their *Protest and Objection* in the trial court on November 12, 2004. Protestants asked the trial court to find each of the petitions "insufficient and not in harmony with the law." Protestants alleged that in the absence of pertinent City of Norman ordinances or charter provisions, the manner of exercising referendum powers was regulated by state law, particularly 11 O.S. 2001 §§ 15–101 through 15–110 [1] and, by reference, 34 O.S.2001 §§ 1 and 3.

¶ 4 Protestants further alleged the petitions were fatally deficient under the foregoing statutes because, *inter alia*, [1] they do not contain the complete text of the correlating ordinance, [2] two of the petitions fail to

---

1. 11 O.S.2001 § 15–102 supports Protestants' assertions regarding applicable law. The parties stipulated the City of Norman had made no provision for referendum procedure and that state law applied.

adequately or correctly identify the property which is the subject of the petition, [3] the failure to properly identify the property results in Proponents failing to "state the gist of the proposition" as required by 34 O.S. 2001 § 3, [4] the number of valid signatures on each petition is insufficient, and [5] the method and manner of circulation of the petitions and verification of signatures were contrary to law.

¶ 5 Proponents, acknowledging an Answer Brief to the *Protest* was not required by law,[2] filed a *Brief in Support of Referendum Petitions* to advise the trial court of their positions in opposition to the *Protest.* Proponents asserted the petitions did comply with applicable law. They specifically argued in reference to the referendum process that "governing statutes did not require exactitude so long as there was substantial compliance."

¶ 6 The matter was heard by the trial court on February 1, 2005. The parties each presented considerable testimony and documentary evidence regarding legal sufficiency of the petitions and the process of gathering the requisite number of signatures. The parties provided post-trial briefing and proposed findings of fact and conclusions of law. In its July 29, 2005 order, the trial court found all three petitions invalid for failure to include the text of the correlating ordinances and for failure "to have the requisite number of signatures of qualified electors." The trial court dismissed the petitions. Proponents appeal from the trial court's order.

¶ 7 Here on appeal, Proponents contend the trial court erred in its conclusions both as to the failure to include the text of the ordinances and as to lack of qualified signatures. Because we find the trial court was correct in finding the petitions were invalid in that they did not meet statutory requisites, we need not address Proponents' contentions regarding qualified signatures. No number of qualified signatures could render the fatally defective petitions valid.

¶ 8 The definitive question here is whether 34 O.S.2001 § 1 demands an exact copy of the text of the ordinances be included in the petitions, or whether "substantial compliance" allows something less. Where, as here, the issue presented turns on interpretation of statutes, it is a question of law, and we will examine the trial court's ruling *de novo, i.e.* independently with no deference given to that ruling. *Fink v. State ex rel. Department of Public Safety,* 1992 OK CIV APP 169, 852 P.2d 774, 776.

¶ 9 As noted above, the framework for exercise of municipal initiative and referendum powers is set forth at 11 O.S.2001 § 15–101 et seq. Pursuant to § 15–102, this framework applies where the municipality involved does not provide its own procedures. The parties stipulated the City of Norman has not done so. Section 15–103(A), *inter alia,* directs that "[t]he form of the petition for either initiative or referendum in a municipality shall be substantially as provided in Sections 1 and 2 of Title 34 of the Oklahoma Statutes."

¶ 10 Section 1 of Title 34 sets forth the form for use in referendum petitions. In the interest of judicial economy, we will not restate the entire form, but only those portions relevant to the issue before us. In a prefatory statement, § 1 begins—"The referendum petition shall be substantially as follows:". Then follows the form with appropriate blanks to be filled by the proponents of the petition and alternative parenthetical suggestions for wording at the various levels of government.

¶ 11 At issue here is the following paragraph from the statutory referendum form found in § 1:

> The question we herewith submit to our fellow voters is: Shall the following bill of the legislature (or ordinance or resolution-local legislation) be approved? (Insert here an *exact copy* of the title and text of the measure.) (Emphasis added).

¶ 12 Proponents concede they did not include the entire text of the ordinances, but argue the prefatory statement of § 1, and other similar cited statutory references to substantial compliance relating to the initiative and referendum processes, should be read to allow less than an *exact copy* of the

2. *See,* 11 O.S.2001 § 15–104.

subject ordinances to be set out in the petitions. Protestants argue nothing less than an *exact copy* will legally suffice. We agree with Protestants.

¶ 13 In *Referendum Petition No. 130, State Question No. 395,* 1960 OK 185, 354 P.2d 400, handed down on August 3, 1960, the Supreme Court, in an Original Proceeding to review an order of the Secretary of State holding a referendum petition sufficient, was asked to invalidate the petition on several grounds, including the failure to include the text of the Senate Bill in controversy. In support of this request, the protestant there cited to several decisions by the Supreme Court of Arkansas.

¶ 14 The Oklahoma Supreme Court was unpersuaded by the protestant's argument, finding substantial compliance with the legislative requirement sufficient and explaining:

> These cases construe the provisions of the Arkansas statute (Acts 1911, Ex.Sess., p. 582) which requires a full and correct copy of the measure to be attached to the petition. There is no such requirement either in our constitution or the laws enacted in pursuance thereof as to a referendum petition. . . .

¶ 15 On May 17, 1961, less than a year after the Supreme Court decided *Referendum Petition No. 130,* the Legislature amended 34 O.S.1951 § 1 to include the requirement to insert an *exact copy* of the title and text of the measure which was the subject of the petition. Prior to the 1961 amendment, § 1 already contained the prefatory statement that the "referendum petition shall be substantially as follows." If the Legislature intended that substantial compliance would suffice as to inclusion of the measure in the petition, it would not have been necessary to amend § 1.

█ ¶ 16 We will presume the Legislature was aware of the Supreme Court's holding in *Referendum Petition No. 130* when it amended § 1. *Oglesby v. Liberty Mut. Ins. Co.,* 1992 OK 61, 832 P.2d 834. We further presume the Legislature intended what it expressed in the amendment requiring an *exact copy* of the measure to be inserted. *Id.,* at p. 832. "Except when a contrary intention plainly appears, the words used are given their ordinary and common definition." *Id.* For the foregoing reasons, we hold the Legislature intended it to be mandatory that an *exact copy* of the title and text of the measure was to be inserted in the petition and that substantial compliance with this portion of § 1 was no longer legally sufficient.

¶ 17 In *Matter of Referendum Petition No. 94–1,* 1996 OK CIV APP 50, 920 P.2d 531, the Court of Civil Appeals held a petition legally insufficient for failure to include the exact copy mandated by § 1. The opinion noted it was unclear from the petition whether the proponents were proposing a zoning change or wished to protest a zoning change. We are aware that is not the case here. The petitions here make it clear the voters will be asked to determine if the ordinances allowing zoning changes should be allowed. Proponents argue the cases are therefore distinguishable.

¶ 18 However, the petitions now under our review do not include portions of the correlating ordinances which, among other things, [1] provide the legal description of the property involved, [2] relate who the owners of the property to be rezoned are and that they have asked for the rezoning, and [3] state the city Planning Commission had considered the rezoning requests and had recommended they be granted. It is arguable the omissions in this case are no less substantive than those in *Matter of Referendum Petition No. 94–1.*

¶ 19 Strict compliance with the clear mandate in § 1 that an *exact copy* of the measure be inserted will obviate the need for a case by case determination as to how much of a measure must be included to satisfy a subjective substantial compliance rule. All parties, including the voters, will benefit because there will be nothing left to conjecture or speculation as to the content of the measure which is the subject of the petition. Additionally, strict compliance with this requirement will remove one portion of the petition process from the need for judicial review.

█ ¶ 20 Proponents assert their omission of the text of the ordinances should be excused because the Norman City Attorney

reviewed the draft petitions and made suggestions for modification, but did not note that an exact copy of the ordinances was required. We are unpersuaded for several reasons. First, the record is clear the City Attorney was not acting as Proponents' counsel in reviewing the petitions. The City Attorney noted his review would not preclude challenges to the petition to be determined by the District Court and suggested Proponents obtain the advice of a "private attorney." Additionally, a city attorney may advise, but has no authority to determine the legal efficacy of a referendum petition. That is a matter for the district courts pursuant to 11 O.S.2001 § 15–104 (B). Finally, although Proponents acted essentially *pro se* in the referendum process, they must be held to the same standards of legal compliance as if they had been represented by counsel. *Nwachuku v. Yellow Cab Co., Inc.*, 1995 OK CIV APP 31, 895 P.2d 741.

¶ 21 The trial court's order finding Proponents' referendum petitions invalid and dismissing them is AFFIRMED.

BELL, P.J., and JOPLIN, J., concur.