MILLER v. ELLIS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MILLER v. ELLIS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MILLER v. ELLIS
2020 OK 52
Case Number: 118782
Decided: 06/15/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 52, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

LYNNE MILLER, ROBERT "BOB" THOMPSON, WILLIAM "BILL" NATIONS, and DICK REYNOLDS, Petitioners/Protestants/Appellees,
v.
STEPHEN ELLIS, Respondent/Proponent/Appellant.

MEMORANDUM OPINION

PER CURIAM:

¶1 This appeal arises from the Protest to the Legal Sufficiency and Signature Count of Referendum Petition 1920-1, Ordinance No. O-1920-24, City of Norman, Oklahoma filed by Petitioners/Protestants/Appellees Lynne Miller, Robert "Bob" Thompson, William "Bill" Nations, and Dick Reynolds (collectively, Protestants) on January 10, 2020, in Cleveland County District Court. Respondent/Proponent/Appellant Stephen Ellis (Proponent) appeals the trial court's February 27, 2020, Journal Entry of Judgment finding the gist of Referendum Petition 1920-1 (RP 1920-1) legally insufficient and ordering RP 1920-1 be stricken. The Court retained this appeal and placed it on the Fast Track Docket by order filed on May 27, 2020. The legal sufficiency of the gist of RP 1920-1 is a question of law subject to this Court's de novo review. Patterson v. Sue Estell Trucking Co. Inc., 2004 OK 66, ¶5, 95 P.3d 1087. See In re: Referendum Petitions No. 0405-1, 0405-2, and 0405-3, 2007 OK CIV APP 19, ¶8, 155 P.3d 841.

¶2 RP 1920-1 seeks a referendum on Ordinance No. O-1920-24, City of Norman, Oklahoma (Ordinance). The Ordinance amends the University North Park tax increment financing district (UNP TIF) in a manner described in detail in the title of the Ordinance and in the text of RP 1920-1.[1] The gist of the petition is found at the top of the signature page and provides: "Referendum on the 2019 UNP Tax Increment Finance District Project Plan amendments."[2]

¶3 Proponent contends a different standard should be applied in determining the sufficiency of the gist of a referendum petition than is applied in determining the sufficiency of the gist of an initiative petition. The Court directly addressed and rejected that argument in Oklahoma's Children, Our Future, Inc. v. Coburn, 2018 OK 55, ¶13 n.7, 421 P.3d 867. Proponent further contends that even if a different standard is not applied, the gist of RP 1920-1 is sufficient based on existing precedent.

¶4 The purpose of the gist is to prevent fraud, deceit, or corruption in the initiative process. In re: Initiative Petition No. 420, State Question No. 804, 2020 OK 10, ¶4, 458 P.3d 1080; Coburn, 2018 OK 55 at ¶13; In re: Initiative Petition No. 409, State Question No. 785, 2016 OK 51, ¶3, 376 P.3d 250. In furtherance of that aim, the gist must put signatories on notice of the changes being made, and the gist must explain the proposal's effect. In re: Initiative Petition No. 420, 2020 OK 10 at ¶4; Coburn, 2018 OK 55 at ¶13; In re: Initiative Petition No. 409, 2016 OK 51 at ¶3. A sufficient gist must provide signatories with sufficient information to make an informed decision about the true nature of the measure. In re: Initiative Petition No. 420, 2020 OK 10 at ¶11; In re: Initiative Petition No. 409, 2016 OK 51 at ¶7. See In re: Initiative Petition No. 384, State Question No. 731, 2007 OK 48, ¶¶11-12, 164 P.3d 125. In satisfying these requirements, the gist need not describe policy arguments for or against the proposal and need not contain every regulatory detail so long as its outline is not incorrect. In re: Initiative Petition No. 409, 2016 OK 51 at ¶3; In re: Initiative Petition No. 384, 2007 OK 48 at ¶¶8-9; In re: Initiative Petition No. 363, State Question No. 672, 1996 OK 122, ¶20, 927 P.2d 558.

¶5 The gist of RP 1920-1 does not provide even an outline. It fails to provide any explanation of what the 2019 UNP Tax Increment Finance District Plan amendments are, the effect they have on existing law, and the effect on the law if the Ordinance they are contained in is rejected by voters at the polls. The gist fails to mention the Ordinance that is the target of RP 1920-1 by name. The gist does not contain even a summary of the considerably more detailed description in RP 1920-1 itself.

¶6 In Coburn, this Court found the gist of a referendum petition to be insufficient in part because it failed to describe two of the five taxes that would be affected by a rejection of the legislation in question, HB 1010xx. See 2018 OK 55 at ¶23. Similar to this matter, the gist in Coburn opened with a simple statement that "[t]he Proposition is to repeal House Bill 1010XX..." The gist proceeded to describe three of the five taxes that would be affected by a repeal of HB 1010XX. This Court concluded the gist was insufficient, noting:

Potential signatories may be aware that by signing the petition and then rejecting HB 1010xx at the polls, they would be removing some tax increases. But without even a brief mention in the gist of all of the taxes they will be rejecting, they are fundamentally unable to cast an informed vote.

Id. at ¶23.

¶7 In this matter, signatories may be aware that by signing the petition and then rejecting the Ordinance they will be rejecting amendments made to the UNP Tax Increment Finance District Plan. But without even a brief mention in the gist of what those amendments are, signatories are fundamentally unable to cast an informed vote because they have no idea what effect rejection of the Ordinance at the polls will actually have on the UNP Tax Increment Finance District Plan. In none of the cases discussed by the parties has this Court found a gist to be legally sufficient which was this uninformative concerning the actual effect of the measure.

¶8 Upon our de novo review, the Court finds the gist of RP 1920-1 is legally insufficient. The judgment of the trial court is affirmed. Any petition for rehearing in this matter must be filed no later than June 17, 2020.

ALL JUSTICES CONCUR

FOOTNOTES

[1] See Protest to the Legal Sufficiency and Signature Count of Referendum Petition 1920-1, Ordinance No. O-1920-24, City of Norman, Oklahoma and Brief in Support, January 10, 2020, Ex. A, Petition for Referendum, R. 28

[2] See Protest to the Legal Sufficiency and Signature Count of Referendum Petition 192-1, Ordinance No. O-1920-24, City of Norman, Oklahoma and Brief in Support, January 10, 2020, Ex. A, Petition for Referendum, R. 57.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2007 OK CIV APP 19, 155 P.3d 841, IN RE: REFERENDUM PETITIONS NO. 0405-1, 0405-2 AND 0405-3
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2004 OK 66, 95 P.3d 1087, PATTERSON v. SUE ESTELL TRUCKING CO.
Discussed
 2007 OK 48, 164 P.3d 125, IN RE: INITIATIVE PETITION NO. 384, STATE QUESTION NO. 731
Discussed at Length
 1996 OK 122, 927 P.2d 558, 67 OBJ 3423, In re Initiative Petition No. 363, State Question No. 672
Discussed
 2016 OK 51, 376 P.3d 250, IN RE INITIATIVE PETITION NO. 409, STATE QUESTION NO. 785
Discussed at Length
 2018 OK 55, 421 P.3d 867, OKLAHOMA'S CHILDREN, OUR FUTURE, INC. v. COBURN
Discussed at Length
 2020 OK 10, 458 P.3d 1080, IN RE: INITIATIVE PETITION No. 420 STATE QUESTION No. 804
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA