2016 OK 51

**In re INITIATIVE PETITION NO. 409, State Question No. 785.**

**Oklahoma Grocers Association and Ron Edgmon, Petitioners,**

v.

**Retail Liquor Association of Oklahoma and Bryan Kerr, Respondents.**

**No. 114,792.**

Supreme Court of Oklahoma.

May 3, 2016.

V. Glenn Coffee, Denise Davick, Glenn Coffee & Associates, PLLC, Oklahoma City, OK, for Petitioners.

Ann G. Richards–Farinha, Hartsfield & Egbert, PLLC, Oklahoma City, OK, for Respondents.

Randy J. Malone, Oklahoma City, OK, for Respondents.

GURICH, J.

¶1 On February 23, 2016, Respondents Retail Liquor Association of Oklahoma and Bryan Kerr (Proponents) filed Initiative Petition No. 409 with the Oklahoma Secretary of State. The petition seeks to amend the Oklahoma Constitution by repealing Article 28 and adopting Article 28A. In short, the proposed Article 28A would allow wine to be sold in grocery stores. Grocery stores would be limited to only one Retail Grocery Wine

Store license. Grocery stores with multiple locations could procure up to three more licenses by purchasing qualified Retail Package Store licenses from a retail package store for conversion to a Retail Grocery Wine Store license. Under the proposed Article 28A, retail package stores could now sell any and all items that are sold in convenience stores and grocery stores. Small brewers could sell their products at a brewery or festival or trade show and could sell alcoholic beverages by the drink at a restaurant colocated on the premises of the brewery. On March 11, 2016, Petitioners Oklahoma Grocers Association and Ron Edgmon (Opponents) timely filed an Application to Assume Original Jurisdiction in this Court protesting: 1) the constitutionality of the petition; and 2) the statutory sufficiency of the gist of the petition.

¶2 "'The first power reserved by the people is the initiative....' With that, comes 'the power to propose laws and amendments to the Constitution and to enact or reject the same at the polls independent of the Legislature, and also reserve power at their own option to approve or reject at the polls any act of the Legislature.'" *In re Initiative Petition No. 403*, 2016 OK 1, ¶3, 367 P.3d 472, 474 (citing Okla. Const. Art. 5, § 1). "While this fundamental and precious right is zealously protected by this Court, it is not absolute. Any citizen can protest the sufficiency and legality of an initiative petition." *In re Initiative Petition No. 384*, 2007 OK 48, ¶2, 164 P.3d 125 (internal citation omitted). When a protest is filed in this Court, we are "vested with original jurisdiction to evaluate and determine the sufficiency of the proposed initiative petition pursuant to

34 O.S. Supp.2015 § 8." *In re Initiative Petition No. 403*, 2016 OK 1, ¶3, 367 P.3d at 474.

¶3 The procedures for presenting an initiative petition are outlined in 34 O.S. Supp.2015 §§ 1–27. Section 3 of Title 34 provides in part: "A simple statement of the gist of the proposition shall be printed on the top margin of each signature sheet."[1] This Court has long held that the purpose of the gist, along with the ballot title, is to "prevent *fraud, deceit,* or *corruption* in the initiative process."[2] The gist "'should be sufficient that the signatories are at least put on notice of the changes being made,'" and the gist must explain the proposal's effect.[3] The explanation of the effect on existing law "does not extend to describing policy arguments for or against the proposal."[4] The gist "need only convey the practical, not the theoretical, effect of the proposed legislation," and it is "'not required to contain every regulatory detail so long as its outline is not incorrect.'"[5] "We will approve the text of a challenged gist if it is 'free from the taint of misleading terms or deceitful language.'"[6]

¶4 From 1985 until 2015,[7] the "pamphlet" circulated to potential signatories included an exact copy of the ballot title, the text of the measure itself, and signature sheets, which included the gist of the measure on each signature page.[8] "[B]oth the gist and the ballot title work[ed] together to prevent fraud in the initiative process."[9] However, as we noted in *In re Initiative Petition No. 403*, 2016 OK 1, 367 P.3d 472, pursuant to the amendments to Title 34 effective April 28, 2015, the ballot title is now to be filed separately from the petition and is no longer "part of or printed on the peti-

1. 34 O.S.2011 § 3.

2. *In re Initiative Petition No. 363*, 1996 OK 122, ¶18, 927 P.2d 558, 567 (citing *Cmty. Gas and Serv. Co. v. Walbaum*, 1965 OK 118, 404 P.2d 1014).

3. *In re Initiative Petition No. 384*, 2007 OK 48, ¶7, 164 P.3d at 129 (quoting *In re Initiative Petition No. 342*, 1990 OK 76, 797 P.2d 331).

4. *Id.*, ¶8, 164 P.3d at 129.

5. *Id.*, ¶¶8–9, 164 P.3d at 129 (quoting *In re Initiative Petition No. 363*, 1996 OK 122, 927 P.2d 558).

6. *Id.*, ¶9, 164 P.3d at 129 (quoting *In re Initiative Petition No. 363*, 1996 OK 122, 927 P.2d 558).

7. In 1985, the Legislature created the gist requirement. *See* 34 O.S. Supp.1985 § 3.

8. 34 O.S.2011 § 2.

9. *In re Initiative Petition No. 397*, 2014 OK 23, ¶64, 326 P.3d 496, 518.

tion."[10] Thus, the more-detailed ballot title is no longer circulated to potential signatories as part of the pamphlet, and the gist is now the only shorthand explanation of the proposal's effect. The gist alone must now work to prevent fraud, corruption, and deceit in the initiative process.[11]

█ ¶ 5 In the petition we consider today, the gist provides:

> This measure amends the entirety of Article XXVIII of the Oklahoma Constitution, as an amendment by Article repealing Article XXVIII and adopting Article XXVIIIA. It provides equal opportunity guarantees for Oklahoma businesses. It permits licensees that currently hold licenses to sell low-point beer to sell all beer and malt beverages regardless of percent alcohol by volume. It allows certain business entities, including grocery stores, to qualify for a license to sell wine for off-premises consumption. It allows small brewers as defined by law to sell their products at a brewery or festival or trade show and allows them to sell alcoholic beverage by the drink at a restaurant co-located on the premises of the brewery. It provides that all employees who handle or sell alcoholic beverages must obtain an employee license from the Alcoholic Beverage Laws Enforcement (ABLE) Commission. It permits Retail Package Store licensees to sell any and all items that are sold in convenience and grocery stores. It permits Retail Package Stores to offer services associated with the promotion of or education in

their products. It permits Retail Package Store licensees and Retail Wine Grocery Store licensees to sell their products on any day of the year except for Thanksgiving Day and Christmas Day. It eliminates the prohibition of advertising of alcoholic beverages. It provides funding for the Department of Mental Health for treatment and prevention of mental health disease. The Amendments take effect on July 1, 2017.[12]

¶ 6 The petition makes significant changes to the liquor laws of this state; however, certain changes are recognizably absent from the gist. Pursuant to the petition, no Retail Package Store license or Retail Grocery Wine Store license can be issued to any grocery store, warehouse club, or supercenter located within 2,500 feet of an existing Retail Package Store or Retail Grocery Wine Store, making many grocery stores ineligible for a Retail Grocery Wine Store license.[13] Only one Retail Grocery Wine Store license will be issued by ABLE to entities with multiple stores, again limiting a grocery store's eligibility for a Retail Grocery Wine Store license.[14] Finally, only Retail Package Store licenses that have been in existence for more than two years from the date the ABLE Commission issues the first Retail Grocery Wine Store license shall be eligible for purchase for the purpose of converting to a Retail Grocery Wine Store license, again restricting the number of grocery store wine retailers.[15]

¶ 7 The gist fails to alert potential signatories of the changes being made to the law

---

10. 34 O.S. Supp.2015 § 8(A). Compare 34 O.S. Supp.2015 § 2 ("Insert here an exact copy of the text of the measure.") with 34 O.S.2011 § 2 ("Insert here an exact copy of the title and text of the measure.").

Although the ballot title review process, and any challenge to the ballot title, must now statutorily come after the circulation period pursuant to § 8, the statute remains silent with regard to when a challenge to the gist of the petition must be made. We find that a pre-circulation challenge to the gist of the petition is appropriate as the gist remains a necessary part of the pamphlet circulated to potential signatories. We need not decide today whether a post-circulation challenge to the gist of the petition would also be appropriate as those are not the circumstances before us in this case.

11. No changes were made to Section 3—the gist requirement—in the 2015 amendments to Title 34.

12. See Petitioners' Appendix to Application to Assume Original Jurisdiction.

13. Initiative Petition No. 409, § 10.

14. Initiative Petition No. 409, § 10.

15. Initiative Petition No. 409, § 10; § 12. Opponents' argument that all beer, including 3.2% beer, will now be taxed as alcohol, effectively raising taxes on beer sold at grocery stores and convenience stores, is speculation at this point. We decline to engage in speculation in our consideration of the validity of the gist. See In re Initiative Petition No. 358, 1994 OK 27, ¶ 12, 870 P.2d 782, 787.

and does not provide a potential signatory with sufficient information to make an informed decision about the true nature of the proposed constitutional amendment. *See In re Initiative Petition No. 384*, 2007 OK 48, ¶¶ 11–12, 164 P.3d at 129–30. We hold that the gist of the petition does not fairly describe the proposed constitutional amendment and is invalid. The gist is not subject to amendment by this Court, and as a result, the only remedy is to strike the petition from the ballot.[16]

**INITIATIVE PETITION NO. 409, STATE QUESTION NO. 785, IS DECLARED INVALID AND ORDERED STRICKEN FROM THE BALLOT.**

¶ 8 COMBS, V.C.J., KAUGER, WINCHESTER, EDMONDSON, TAYLOR (by separate writing), COLBERT, GURICH, JJ., concur.

Taylor, J., with whom Kauger, J., joins, concurring:

The problem with this gist is exactly the same problem that I pointed out in my

---

**16.** Because we conclude that the gist is legally insufficient, we need not address Opponents'

dissent in *In re Initiative Petition No. 403*, 2016 OK 1, 367 P.3d 472, wherein I stated, "The gist is dead on arrival. Along with the unconstitutionality of Initiative Petition No. 403, the gist or proposed ballot title deceives potential signatories and potential voters. I would send Initiative Petition No. 403 back to the Respondents as the gist does not satisfy the statutory requirements set out by the Legislature." The exact same problem exists in this case and therefore I concur.

¶ 9 REIF, C.J., dissent.

¶ 10 WATT, J., not participating.