COMBS, C.J.
 

 ¶ 1 On December 20, 2017, Respondents Michael O. Thompson, Ray H. Potts, and Mary Lynn Peacher (collectively, Proponents) filed Initiative Petition No. 416, State Question No. 795 (IP 416) with the Oklahoma Secretary of State. IP 416 would create a new Article XIII-C in the Oklahoma Constitution. IP 416 contains 8 sections, which Proponents assert will levy a new 5% gross production tax on oil and gas production from certain wells, and provide for the deposit of the proceeds primarily in a new fund
 
 *370
 
 entitled the "Oklahoma Quality Instruction Fund" (the Fund). Monies from the Fund will be distributed: 1) 90% to common school districts of the State of Oklahoma to increase compensation and benefits for certified personnel, and the hiring, recruitment and retention thereof; and 2) 10% to the State Department of Education to promote school readiness, and to support compensation for instructors and other instructional expenses in "high-quality early learning centers" for at-risk children prior to entry into the common education system.
 

 ¶ 2 Section 1 of IP 416 creates the Fund. Section 2 creates the Oklahoma Quality Instruction Reserve Fund to ensure the Fund always has sufficient resources, and provides mechanisms for the transfer of monies. Section 3 levies the 5% gross production tax. Section 4 provides for a $4,000 increase in compensation for certified personnel, including teachers, but excluding superintendents and assistant superintendents. Section 5 provides for the distribution of funds according to the percentage scheme noted in the previous paragraph above. Section 6 attempts to ensure that the new funds will be used to supplement existing funding rather than supplant it, and grants the Board of Equalization the power to specify the amount that was supplanted or replaced, preventing the Legislature from making appropriations until it makes an appropriation to replace the supplanted amount. Sections 7 and 8 provide an effective date and severability provision, respectively.
 

 ¶ 3 On January 10, 2018, Petitioners Mike McDonald, Valerie Mitchell, and Oklahoma Independent Petroleum Association (collectively, Protestants), timely filed an Application to Assume Original Jurisdiction in this Court protesting the sufficiency of the gist of IP 416.
 

 I.
 

 STANDARD OF REVIEW
 

 ¶ 4 "The first power reserved by the people is the initiative...." Okla. Const. art. 5, § 2 ;
 
 In re Initiative Petition No. 409, State Question No. 785
 
 ,
 
 2016 OK 51
 
 , ¶ 2,
 
 376 P.3d 250
 
 ;
 
 In re Initiative Petition No. 403, State Question No. 779
 
 ,
 
 2016 OK 1
 
 , ¶ 3,
 
 367 P.3d 472
 
 . With that reservation comes "the power to propose laws and amendments to the Constitution and to enact or reject the same at the polls independent of the Legislature, and also reserve power at their own option to approve or reject at the polls any act of the Legislature." Okla. Cost. art. 5, § 1;
 
 In re Initiative Petition No. 409
 
 ,
 
 2016 OK 51
 
 at ¶ 2,
 
 376 P.3d 250
 
 ;
 
 In re Initiative Petition No. 403
 
 ,
 
 2016 OK 1
 
 at ¶ 3,
 
 367 P.3d 472
 
 . "The right of the initiative is precious, and it is one which this Court is zealous to preserve to the fullest measure of the spirit and the letter of the law."
 
 In re Initiative Petition No. 382, State Question No. 729
 
 ,
 
 2006 OK 45
 
 , ¶ 3,
 
 142 P.3d 400
 
 .
 
 See
 

 In re Initiative Petition No. 349, State Question No. 642
 
 ,
 
 1992 OK 122
 
 , ¶ 35,
 
 838 P.2d 1
 
 .
 

 ¶ 5 However, while the fundamental and precious right of initiative petition is zealously protected by this Court, it is not absolute. Any citizen can protest the sufficiency and legality of an initiative petition.
 
 In re Initiative Petition No. 409
 
 ,
 
 2016 OK 51
 
 at ¶ 2,
 
 376 P.3d 250
 
 ;
 
 In re Initiative Petition No. 384, State Question No. 731
 
 ,
 
 2007 OK 48
 
 , ¶ 2,
 
 164 P.3d 125
 
 . "Upon such protest, this Court must review the petition to ensure that it complies with the 'parameters of the rights and restrictions [as] established by the Oklahoma Constitution, legislative enactments and this Court's jurisprudence.' "
 
 In re Initiative Petition No. 384
 
 ,
 
 2007 OK 48
 
 at ¶ 2,
 
 164 P.3d 125
 
 (quoting
 
 In re Initiative Petition No. 379, State Question No. 726
 
 ,
 
 2006 OK 89
 
 , ¶ 16,
 
 155 P.3d 32
 
 ).
 

 ¶ 6 The gist of an initiative petition is required by
 
 34 O.S. 2011
 
 § 3, which provides in pertinent part: "A simple statement of the gist of the proposition shall be printed on the top margin of each signature sheet." This Court described the importance of the gist and ballot title, as well as the requirements, in
 
 In re Initiative Petition No. 344, State Question No. 630
 
 , where we explained:
 

 [T]he statement on the petition [the gist] and the ballot title must be brief, descriptive of the effect of the proposition, not deceiving but informative and revealing of the design and purpose of the petition. The limitations ... are necessary to prevent
 
 *371
 
 deception in the initiative process.... The voters, after reading the statement on the petition and the ballot title, should be able to cast an informed vote.
 

 1990 OK 75
 
 , ¶ 14,
 
 797 P.2d 326
 
 .
 

 This Court further explained in detail how the gist of an initiative petition should be evaluated in
 
 In re Initiative Petition No. 409
 
 , where we stated:
 

 This Court has long held that the purpose of the gist, along with the ballot title, is to "prevent
 
 fraud, deceit,
 
 or
 
 corruption
 
 in the initiative process." The gist " 'should be sufficient that the signatories are at least put on notice of the changes being made,' " and the gist must explain the proposal's effect. The explanation of the effect on existing law "does not extend to describing policy arguments for or against the proposal." The gist "need only convey the practical, not the theoretical, effect of the proposed legislation," and it is " 'not required to contain every regulatory detail so long as its outline is not incorrect.' " "We will approve the text of a challenged gist if it is 'free from the taint of misleading terms or deceitful language.' "
 

 2016 OK 51
 
 at ¶ 3,
 
 376 P.3d 250
 
 (footnotes omitted) (quoting primarily
 
 In re Initiative Petition No. 384
 
 ,
 
 State Question No. 731
 
 ,
 
 2007 OK 48
 
 ,
 
 164 P.3d 125
 
 ).
 

 II.
 

 ANALYSIS
 

 ¶ 7 The gist of IP 416 as submitted is as follows:
 

 This measure adds a new Article to the Oklahoma Constitution. The new Article creates two limited purpose funds to support quality instruction. It increases compensation for all certified personnel, including teachers, and supports early learning. It levies a five percent tax on gross production of oil and gas wells during the first thirty-six months of production to provide revenue for the Oklahoma Quality Instruction Fund (the "Fund"), and to provide revenue for a Reserve Fund ensuring the Fund can fulfill its obligations. The tax does not supplant or replace existing gross production taxes on such wells during such periods. The Article mandates a $4,000 increase in salaries for all common education certified personel, including teachers and others. It allocates 90% of the available proceeds in the Fund for that purpose. It also allocates 10% of the available proceeds to support compensation for instructors and other instructional expenses in high-quality early learning centers for at-risk children prior to entry into the common education system. It requires annual audits of the use of monies from the Funds, which shall be made publicly available. It prohibits the use of such funds for superintendent or assistant superintendent salaries. It requires that monies from the Funds not supplant or replace other educational funding, and requires the State Board of Equalization to prohibit further appropriations by the Legislature if such supplanting or replacement has occurred, until remedied.
 

 Petitioners' Appendix to Application to Assume Original Jurisdiction and Petition to Review the Gist of Initiative Petition 416, Ex. B.
 

 Protestants challenge the legal sufficiency of the gist, and assert that the insufficiency of the gist is fatal to IP 416.
 

 ¶ 8 Protestants make several arguments that the gist of IP 416 is insufficient, including that the gist: 1) is misleading because it mentions only teachers as the recipients of the salary increase; 2) engages in advocacy by using terms such as "to support quality instruction" and "in high quality early learning centers;" 3) fails to mention the State Department of Education will receive 10% of the proceeds; 4) fails to mention that the new tax will be applied to wells drilled after July 1, 2015; 5) fails to mention the salary increase for certified personnel will be set within the Constitution itself; 6) fails to mention the pay raise will be given without regard to merit; and 7) fails to mention the tax will be imposed by the Constitution. This Court finds Protestants' arguments to be unpersuasive.
 

 ¶ 9 Protestants first assert that the gist of IP 416 is misleading because it mentions
 
 *372
 
 only teachers specifically as recipients of the salary increase that would be put in place by the new article. However, neither the gist, nor the petition itself mentions only teachers. In fact the gist properly mirrors the petition by stating that the new article "increases compensation for all certified personnel, including teachers." The gist further notes, in keeping with the petition, that superintendents and assistant superintendents are excluded. This language is not deceiving or misleading, but informative of the purpose behind IP 416 itself and properly describes the effect the new article will have. This situation, where the gist highlights one part of a larger category in the same manner the petition itself does, is factually distinguishable from
 
 In re Initiative Petition No. 344
 
 , where this court determined a gist to be insufficient because it did not address all the major changes proposed by the petition.
 
 See
 

 1990 OK 75
 
 at ¶¶ 12-15,
 
 797 P.2d 326
 
 . Protestants' reliance on that case is misplaced.
 

 ¶ 10 Protestants also assert the gist sets forth policy arguments in favor of the proposal by using loaded terms that are subject to political debate, such as "to support quality instruction" and "in high quality learning centers." Protestants cite to
 
 OCPA Impact v. Sheehan
 
 , where this Court redrafted a ballot title to alter language such as "improve public education" to "increase funding for public education."
 
 See
 

 2016 OK 84
 
 , ¶¶ 9-11,
 
 377 P.3d 138
 
 . Petitioners assert this Court should treat the gist the same as a ballot title for purposes of language that indicates partiality, and determine the gist is insufficient for this reason. However, ballot titles are subject to statutory requirements the gist is not.
 
 [1]
 
 These more stringent requirements are fitting given that the ballot title is all a voter has access to within the voting booth. Though the gist is now the only shorthand explanation of the proposal's effect a potential signatory sees as part of the pamphlet,
 
 In re Initiative Petition No. 409
 
 ,
 
 2016 OK 51
 
 at ¶ 4,
 
 376 P.3d 250
 
 , nothing stops a potential signatory from looking up the text of an initiative petition or asking to see it. Proponents terms, which again mirror the petition itself, are not deceitful or misleading and do not prevent potential voters from making an informed decision.
 

 ¶ 11 Protestants also challenge the legal sufficiency of the gist for failing to specify that 10% of new proceeds will go to the Department of Education. However, though it does not specify what entity will handle the funds in question, the gist does specify the allocation of funds as well as the use to which they will be put.
 
 [2]
 
 Specifically, the gist states that the new article: "also allocates 10% of the available proceeds to support compensation for instructors and other instructional expenses in high-quality early learning centers for at-risk children prior to entry into the common education system." Again, the language of the gist is not deceitful or misleading, and does not prevent voters from making an informed decision. As this Court has previously noted, the gist is "not required to contain every regulatory detail so long as its outline is not incorrect."
 
 In re Initiative Petition No. 409
 
 ,
 
 2016 OK 51
 
 at ¶ 3,
 
 376 P.3d 250
 
 .
 

 ¶ 12 Protestants also allege the gist is legally insufficient because it fails to mention
 
 *373
 
 the new tax will be applied in a retroactive manner to wells drilled after July 1 of 2015. At the outset, it is true that the gist does not specify the July 1, 2015, date or explain the interaction between that date, the first 36 months of production, and the effective date of the new article. However, the question whether the tax imposed by IP 416 applies retroactively is answered in the negative by this Court's opinion in
 
 Okla. Indep. Petroleum Assoc. v. Ray H. Potts
 
 ,
 
 2018 OK 24
 
 ,
 
 414 P.3d 351
 
 . Further, by its very nature, the gist is a simple statement that summarizes the petition. We do not believe the omission of this one substantive detail is fatal to the legal sufficiency of the gist, and the omission is not deceitful or misleading, especially given that the gist does state the tax will apply to "wells during the first thirty-six months of production."
 

 ¶ 14 Finally, Protestants assert the gist is legally insufficient because it fails to mention both the salary increase and the tax will be set by the Oklahoma Constitution, and that the salary increase will be without regard to merit. Protestants argue these changes upset the balance of power and usurp a role traditionally held by the Legislature. Protestants cite to
 
 In re Initiative Petition No. 384
 
 ,
 
 State Question No. 731
 
 , where this Court held a gist to be insufficient because it failed to alert potential signatories to the effect the proposal would have on the balance of power between local school boards and the state.
 
 2007 OK 48
 
 , ¶ 11,
 
 164 P.3d 125
 
 .
 

 ¶ 15 The gist of IP 416, however, is creating a new article in the Oklahoma Constitution to 1) impose the new gross production tax; and 2) provide a pay increase for common education certified personnel:
 

 This measure adds a new
 
 Article
 
 to the Oklahoma Constitution.
 
 The new Article creates
 
 two limited purpose funds to support quality instruction. It increases compensation for all certified personnel, including teachers, and supports early learning. It levies a five percent tax on gross production of oil and gas wells during the first thirty-six months of production to provide revenue for the Oklahoma Quality Instruction Fund (the "Fund"), and to provide revenue for a Reserve Fund ensuring the Fund can fulfill its obligations. The tax does not supplant or replace existing gross production taxes on such wells during such periods.
 
 The Article
 
 mandates a $4,000 increase in salaries for
 
 all
 
 common education certified personel, including teachers and others. (Emphasis added).
 

 Further, the use of the term "all" as emphasized above necessarily implies the pay increase will be given across the board without regard to merit. Protestants' arguments in this instance are in reality little more than policy arguments against the proposal, and would be more appropriately made to the public. The gist's explanation of the effect on existing law should not extend to describing policy arguments for or against the proposal, and the gist need only convey the practical, not the theoretical, effect of the proposal.
 
 In re Initiative Petition No. 409
 
 ,
 
 2016 OK 51
 
 at ¶ 3,
 
 376 P.3d 250
 
 ;
 
 In re Initiative Petition No. 384
 
 ,
 
 2007 OK 48
 
 at ¶ 8,
 
 164 P.3d 125
 
 . A gist is sufficient if it apprises the voters of what the proposed measure is intended to do.
 
 In re Initiative Petition No. 384
 
 ,
 
 2007 OK 48
 
 at ¶ 8,
 
 164 P.3d 125
 
 .
 

 III.
 

 CONCLUSION
 

 ¶ 16 The gist of IP 416 properly alerts potential signatories to the changes being made by the new article should voters approve it. The gist provides potential signatories with sufficient information to make an informed decision about the true nature of the proposed constitutional change.
 
 In re Initiative Petition No. 344
 
 ,
 
 1990 OK 75
 
 , ¶ 14,
 
 797 P.2d 326
 
 . The gist is also free from the taint of misleading terms and deceitful language.
 
 In re Initiative Petition No. 409
 
 ,
 
 2016 OK 51
 
 at ¶ 3,
 
 376 P.3d 250
 
 ;
 
 In re Initiative Petition No. 384
 
 ,
 
 2007 OK 48
 
 at ¶ 9,
 
 164 P.3d 125
 
 . The gist of IP 416 is legally sufficient. Any petition for rehearing in this matter shall be filed no later than five (5) days from the date this opinion is handed down.
 

 THE GIST OF INITIATIVE PETITION NO. 416, STATE QUESTION NO. 795 IS LEGALLY SUFFICIENT
 

 CONCUR: COMBS, C.J., GURICH, V.C.J., KAUGER (by separate writing), WINCHESTER, EDMONDSON, and REIF, JJ.
 

 CONCUR SPECIALLY: WYRICK, J. (by separate writing)
 

 RECUSED: COLBERT, J.
 

 KAUGER, J., with whom WINCHESTER, J., joins in concurring:
 

 *374
 
 ¶ 1 I agree with the majority that the gist fails to discuss retroactivity with specificity. It could certainly be written more clearly. Nevertheless, because the requirements for a ballot title are more extensive than the gist of the proposition, any ambiguity can clarified by the ballot title so that the voters will have the opportunity to cast an informed vote. See,
 
 OCPAImpact
 
 ,
 
 Inc
 
 ., v.
 
 Sheehan
 
 ,
 
 2016 OK 84
 
 ,
 
 377 P.3d 138
 
 (Taylor, J., with whom Kauger and Winchester, JJ., join concurring).
 

 Wyrick, J., concurring specially:
 

 ¶ 1 I concur for the reasons set forth in my separate opinion in Case No. 116,679,
 
 Oklahoma Independent Petroleum Association v. Potts
 
 ,
 
 2018 OK 24
 
 ,
 
 414 P.3d 351
 
 .
 

 [1]
 

 Title 34 O.S. Supp. 2015 § 9(B) provides:
 

 B. The parties submitting the measure shall also submit a suggested ballot title to the Secretary of State which shall be filed on a separate sheet of paper and shall not be part of or printed on the petition. The suggested ballot title:
 

 1. Shall not exceed two hundred (200) words;
 

 2. Shall explain in basic words, which can be easily found in dictionaries of general usage, the effect of the proposition;
 

 3. Shall not contain any words which have a special meaning for a particular profession or trade not commonly known to the citizens of this state;
 

 4. Shall not reflect partiality in its composition or contain any argument for or against the measure;
 

 5. Shall contain language which clearly states that a "yes" vote is a vote in favor of the proposition and a "no" vote is a vote against the proposition; and
 

 6. Shall not contain language whereby a "yes" vote is, in fact, a vote against the proposition and a "no" vote is, in fact, a vote in favor of the proposition.
 

 [2]
 

 For comparison, in
 
 OCPA Impact, Inc. v. Sheehan
 
 , this Court redrafted a ballot title because it failed to breakdown the actual amounts and allocation of revenue.
 
 2016 OK 84
 
 . ¶ 11,
 
 377 P.3d 138
 
 . That is not the case here.