OSCN Found Document:IN RE INITIATIVE PETITION NO. 425, STATE QUESTION NO. 809

 

 
 

 
 IN RE INITIATIVE PETITION NO. 425, STATE QUESTION NO. 809
2020 OK 58
Case Number: 118665
Decided: 06/23/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 58, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN RE INITIATIVE PETITION NO. 425, STATE QUESTION NO. 809
OKLAHOMA SECOND AMENDMENT ASSOCIATION, Petitioner/Protestant,
v.
THE HONORABLE JASON LOWE, JENNIFER BIRCH, and JOSHUA HARRIS-TILL, Respondents/Proponents.
ORIGINAL PROCEEDING TO DETERMINE THE LEGAL
SUFFICIENCY OF INITIATIVE PETITION NO. 425,
STATE QUESTION NO. 809
Â¶0 This is an original proceeding to determine the legal sufficiency of the gist of Initiative Petition No. 425, State Question No. 809. The initiative petition seeks to amend the Oklahoma Statutes for the purpose of making it unlawful to carry a concealed or unconcealed handgun without a license. The Petitioner filed this protest alleging the gist of the initiative petition is legally insufficient. We hold the gist does not accurately explain the proposal's effect on existing law and is misleading.
INITIATIVE PETITION NO. 425, STATE QUESTION NO. 809 IS
DECLARED INVALID AND ORDERED STRICKEN FROM THE BALLOT
Kevin Calvey and Robert Robles, Oklahoma City, Oklahoma, for Petitioner/Protestant.
Brian Ted Jones, Oklahoma City, Oklahoma, for Respondents/Proponents.
Randall J. Yates, Assistant Solicitor General, Office of the Attorney General, for the State of Oklahoma.
KANE, J.:
I. FACTS AND PROCEDURAL HISTORY
Â¶1 During the 2019 Legislative Session, the Oklahoma Legislature passed HB 2597. Prior to the passage of HB 2597, the Oklahoma criminal code provided it was unlawful to carry a concealed or unconcealed handgun without a license. See 21 O.S.Supp.2018 Â§ 1272; 21 O.S.Supp.2012 Â§ 1290.4. HB 2597 instituted what is known as "permitless carry" or "constitutional carry." This was accomplished by amending the Oklahoma criminal code to create a new exception to the law generally prohibiting the carrying of firearms at 21 O.S. Â§ 1272(A)(6):
A. Notwithstanding any other provision of law, it shall be unlawful for any person to carry upon or about his or her person, or in a purse or other container belonging to the person, any pistol, revolver, shotgun or rifle whether loaded or unloaded or any blackjack, loaded cane, hand chain, metal knuckles, or any other offensive weapon, whether such weapon be concealed or unconcealed, except this section shall not prohibit:
. . .
6. The carrying of a firearm, concealed or unconcealed, loaded or unloaded, by a person who is twenty-one (21) years of age or older or by a person who is eighteen (18) years of age but not yet twenty-one (21) years of age and the person is a member or veteran of the United States Armed Forces, Reserves or National Guard or was discharged under honorable conditions from the United States Armed Forces, Reserves or National Guard, and the person is otherwise not disqualified from the possession or purchase of a firearm under state or federal law and is not carrying the firearm in furtherance of a crime.
21 O.S.Supp.2019 Â§ 1272(A) (Laws 2019, HB 2597, c. 1, Â§ 1, eff. Nov. 1, 2019). The statutory scheme provides that carrying a concealed or unconcealed firearm is unlawful, but then provides six exceptions. The permitless carry exception applies to most people. Prior to HB 2597, obtaining a handgun permit was the broadest, generally available exception. HB 2597 also amended other statutes to implement the policy on permitless carry and to clean up language as the result of changing from a licensed carry system to permitless carry.
Â¶2 Respondents/Proponents The Honorable Jason Lowe, Jennifer Birch, and Joshua Harris-Till (Respondents) first filed Referendum Petition No. 26, State Question No. 803, to stop HB 2597 from going into effect. However, Respondents did not collect a sufficient number of signatures to get on the ballot, and Referendum Petition No. 26 was dismissed by this Court for numerical insufficiency on October 7, 2019.[1] Respondents then challenged the constitutionality of HB 2597 and sought a temporary injunction preventing the law from going into effect. Their application for a temporary injunction was denied by the district court and their application for an emergency stay and temporary injunction was denied by this Court on October 31, 2019.[2]
Â¶3 Respondents now seek to reinstate the licensing requirement by initiative petition. Respondents filed Initiative Petition No. 425 for State Question No. 809 with the Oklahoma Secretary of State on February 3, 2020. Initiative Petition No. 425 seeks to amend the Oklahoma Statutes by repealing permitless carry and returning to a licensed carry system. It also seeks to reverse some of the other firearms regulations amended by HB 2597 and clean up language as the result of changing from permitless carry to a licensed carry system. The Secretary of State published notice of Initiative Petition No. 425 on February 7, 2020. Petitioner/Protestant Oklahoma Second Amendment Association (Petitioner) filed a timely application to assume original jurisdiction to review the legal sufficiency of Initiative Petition No. 425, brief in support, and motion for oral argument on February 21, 2020.[3] On March 10, 2020, the Office of the Attorney General of the State of Oklahoma filed an entry of appearance and notice of intent to express the views of the Attorney General. This Court authorized the Attorney General to file a brief on or before March 20, 2020 and the parties were given the opportunity to file response briefs. Briefing was completed May 11, 2020. Oral presentation was made before the Referee on June 9, 2020.
II. STANDARD OF REVIEW
Â¶4 Article V, Â§ 1 of the Oklahoma Constitution provides:
The Legislative authority of the State shall be vested in a Legislature, consisting of a Senate and a House of Representatives; but the people reserve to themselves the power to propose laws and amendments to the Constitution and to enact or reject the same at the polls independent of the Legislature, and also reserve power at their own option to approve or reject at the polls any act of the Legislature.
Okla. Const. art. V, Â§ 1. "The first power reserved by the people is the initiative" and "[t]he second power is the referendum." Okla. Const. art. V, Â§ 2. "The right of the initiative is precious, and it is one which this Court is zealous to preserve to the fullest measure of the spirit and the letter of the law." In re Initiative Petition No. 382, State Question No. 729, 2006 OK 45, Â¶ 3, 142 P.3d 400. Therefore, "all doubt as to the construction of pertinent provisions is resolved in favor of the initiative." Id. This Court has a duty to protect these rights as a function of the people's right to govern themselves:
The people reserved to themselves the power to propose laws and amendments to the Constitution. . . . This power so reserved to the people should not be crippled, avoided, or denied by technical construction by the courts. It is the duty of the courts to construe and preserve this right as intended by the people in adopting the Constitution, and thereby reserve unto the people this power. Ours is a government which rests upon the will of the governed. The initiative and referendum is the machinery whereby self-governing people may express their opinion in concrete form upon matters of public concern. If the people are to be self-governed, it is essential that they shall have a right to vote upon questions of public interest and register the public will.
In re Referendum Petition No. 348, State Question No. 640, 1991 OK 110, Â¶ 6, 820 P.2d 772, 775-776 (quoting Ruth v. Peshek, 1931 OK 674, 5 P.2d 108).
Â¶5 However, the right of initiative and the right of referendum are not absolute. These rights are subject to limitations established by the Constitution, legislative enactments, and this Court's jurisprudence. See In re Initiative Petition No. 384, State Question No. 371, 2007 OK 48, Â¶ 2, 164 P.3d 125 (citing In re Initiative Petition No. 379, State Question No. 726, 2006 OK 89, Â¶Â¶ 16-17, 155 P.3d 32). Any citizen can protest the legal sufficiency of an initiative petition pursuant to 34 O.S.Supp.2015 Â§ 8. 
III. DISCUSSION
Â¶6 Petitioner contends Initiative Petition No. 425 is actually an untimely repeal referendum petition disguised as an initiative petition and challenges the legal sufficiency of the gist statement.
A. Untimely Repeal Referendum Petition
Â¶7 Petitioner argues Initiative Petition No. 425 is an out-of-time repeal referendum petition filed more than 90 days after the end of the legislative session in which HB 2597 was enacted. Petitioner contends Respondents' original repeal referendum failed and they should not get a second bite at the apple with this referendum petition disguised as an initiative petition.
Â¶8 We hold Initiative Petition No. 425 is not a referendum petition; it is an initiative petition. Referendum petitions ask for voters to approve or reject a bill of the legislature. See 34 O.S.Supp.2015 Â§ 1. Initiative petitions ask voters to approve or reject a proposed law. See 34 O.S.Supp.2015 Â§ 2. An initiative petition may amend existing law by repealing parts of recent legislation along with proposing new laws. See In re Initiative Petition No. 347, State Question No. 639, 1991 OK 55, Â¶ 6, 813 P.2d 1019, 1022-23. Article V, Â§ 3 of the Oklahoma Constitution does not impose a 90-day deadline on initiative petitions. Initiative Petition No. 425 is not time barred.
B. Sufficiency of the Gist
Â¶9 The gist of an initiative petition is required by 34 O.S.2011 Â§ 3, which provides, in pertinent part: "[a] simple statement of the gist of the proposition shall be printed on the top margin of each signature sheet." This Court has explained:
[The] purpose of the gist, along with the ballot title, is to prevent fraud, deceit, or corruption in the initiative process. The gist should be sufficient that the signatories are at least put on notice of the changes being made, and the gist must explain the proposal's effect. The explanation of the effect on existing law does not extend to describing policy arguments for or against the proposal. The gist need only convey the practical, not the theoretical, effect of the proposed legislation, and it is not required to contain every regulatory detail so long as its outline is not incorrect. We will approve the text of a challenged gist if it is free from the taint of misleading terms or deceitful language.
In re Initiative Petition No. 409, State Question No. 785, 2016 OK 51, Â¶ 3, 376 P.3d 250 (footnotes and internal quotations omitted) (emphasis original). Each signature sheet is attached to a copy of the initiative petition. See 34 O.S. Â§ 3. The two form what is called the "pamphlet"[4] and is circulated to potential signatories. Id. The gist at the top of each signature sheet is a shorthand explanation of the proposal's effect. See Initiative Petition No. 409, 2016 OK 51, Â¶ 4.
Â¶10 This Court recently summarized how omissions of information from the gist should be evaluated in In re Initiative Petition No. 420, State Question No. 804, 2020 OK 10, Â¶ 4, 458 P.3d 1080. "Because the purpose of the gist is to prevent fraud, deceit or corruption in the initiative process, any alleged flaw created by an omission of details in the gist must be reviewed to determine whether such omission is critical to protecting the initiative process." Id. (citing In re Initiative Petition No. 363, State Question No. 672, 1996 OK 122, Â¶Â¶ 18-20, 927 P.2d 558, 567). The sole question for this Court is whether the absence of a more detailed gist statement, without more, perpetrates a fraud on the signatories. See Initiative Petition No. 420, 2020 OK 10, Â¶ 4; Initiative Petition No. 363, 1996 OK 122, Â¶ 19.
Â¶11 The gist of Initiative Petition No. 425 is as follows:
This measure would generally restore the handgun permitting requirements and certain other firearms-related provisions that were in place prior to the Legislature's enactment of HB 2597, the so-called "permitless carry" bill, in 2019. It removes the provision generally authorizing the concealed or unconcealed carrying of firearms without a permit by any person not otherwise disqualified by law from possession of a firearm who is 21 years of age or older, or 18 years of age or older if a military member or veteran. It prohibits any person, including handgun licensees, from possessing handguns or certain offensive weapons on college, university, or technology center property. It generally restores certain requirements regarding the unlicensed transportation of firearms in vehicles, as well as regarding the unlicensed carrying of firearms on private property; while going to or from places for recognized firearm activities like hunting, target-shooting, or trading firearms, and while in such places; and generally prohibits confiscation of firearms during traffic stops when any person in the vehicle holds a valid handgun license. It restores the prior, narrower state preemption of local firearms laws, restores the prior, narrower scope of State immunity from civil liability regarding actions or misconduct by handgun licensees, restores the prior, broader obligation on handgun licensees to notify police of a handgun during an arrest, detention, or traffic stop, narrows protections for handgun licensees who refuse to leave a place where firearms are prohibited, and provides an effective date.
Â¶12 First, Petitioner argues Initiative Petition No. 425 is so broad and impacts so many different provisions of law that it is impossible to craft a gist that would be anything other than incomplete and misleading. We reject Petitioner's argument it is impossible to craft a legally sufficient gist for the proposed measure.
Â¶13 More specifically, Petitioner argues seven provisions in the gist are false, inaccurate, misleading, deceitful, and inflammatory. Petitioner challenges the first sentence of the gist: "This measure would generally restore the handgun permitting requirements and certain other firearms-related provisions that were in place prior to the Legislature's enactment of HB 2597, the so-called "permitless carry" bill, in 2019." Petitioner argues the gist does not communicate that SQ 809 is a repealer of HB 2597 and, therefore, it is misleading. Petitioner also argues that the law is generally known as "constitutional carry" and using "permitless carry" is misleading.
Â¶14 The second provision challenged is: "It removes the provision generally authorizing the concealed or unconcealed carrying of firearms without a permit by any person not otherwise disqualified by law from possession of a firearm who is . . . 18 years of age or older if a military member or veteran." Petitioner claims the gist omits that, if approved, SQ 809 would take away trained military personnel and honorably discharged veterans' right to carry a concealed or unconcealed firearm, and that omission is misleading.
Â¶15 The third provision challenged is that addressing handguns on college campuses: "It prohibits any person, including handgun licensees, from possessing handguns or certain offensive weapons on college, university, or technology center property." Petitioner claims the gist does not describe the law as it currently exists and effectively states that HB 2597 allows the carrying of firearms on a college, university, or technology center property, which is false and misleading. The Attorney General argues this language is misleading, because it may induce a signature from someone who believes SQ 809 will establish a college campus ban when such ban already exists. Petitioner also argues the gist fails to mention that HB 2597 added a prohibition to carrying machete knives on campuses, and that omission is misleading.
Â¶16 The fourth provision challenged by Petitioner is: "It generally restores certain requirements regarding the unlicensed transportation of firearms in vehicles, as well as regarding the unlicensed carrying of firearms on private property . . . ." Petitioner argues this is misleading because people are already allowed to carry unlicensed weapons on private property and the immunity is fully addressed by the current law. The Attorney General adds that this clause is vague and misleading because it suggests a change to the current law, when there is none. Additionally, the Attorney General argues that the gist suggests a change to existing law for transporting weapons for certain activities, including hunting, target shooting, and trading firearms, but such protections already exist.
Â¶17 The fifth provision challenged addresses the confiscation of firearms: "[It] generally prohibits confiscation of firearms during traffic stops when any person in the vehicle holds a valid handgun license." Petitioner asserts that HB 2597 did not change the law on confiscating firearms during traffic stops. Therefore, this statement is misleading. The Attorney General adds that this language makes it sound like SQ 809 will make it harder for police to confiscate firearms, but it actually makes it easier.
Â¶18 The sixth provision challenged is: "[It] restores the prior, broader obligation on handgun licensees to notify police of a handgun during an arrest, detention, or traffic stop . . . ." Petitioner argues this is misleading because a person is still required under current law to inform an officer when requested.
Â¶19 The seventh provision challenged by Petitioner is: "[It] narrows protections for handgun licensees who refuse to leave a place where firearms are prohibited . . . ." Petitioner asserts that the gist omits, if approved, a person faces a misdemeanor for refusing to leave private property.
Â¶20 The Attorney General raises five additional challenges to the gist, which were adopted and incorporated by Petitioner. First, the Attorney General argues the primary effect of SQ 809 is to amend the criminal code to make the currently lawful carrying of firearms without a license a crime, and the gist is insufficient because it fails to explicitly discuss the creation of this new crime or the punishment for failing to comply with the law. Second, the gist fails to discuss the new licensing process. Third, the use of "generally restores" is vague, and the gist is not clear what parts of the current law are and are not being restored. Fourth, the sentence "It restores the prior, narrower state preemption of local firearms laws . . . ." is misleading as it suggests SQ 809 allows greater protection of local control of firearm regulation, but it does not. Fifth, the sentence "[It] restores the prior, narrower scope of State immunity from civil liability regarding actions or misconduct by handgun licensees . . . ." is inaccurate, because the proposed measure would not change the scope of civil immunity.
Â¶21 We hold that two of the challenged provisions do not accurately explain the proposal's effect on existing law and are misleading. The gist does not put signatories on notice of the changes being proposed, because it suggests changes that are not actually proposed by the measure. As a result, the gist is legally insufficient.
Â¶22 Currently, the law prohibits handguns on college, university, or technology center campuses:
No person in possession of a valid handgun license issued pursuant to the provisions of the Oklahoma Self-Defense Act or who is carrying or in possession of a firearm as otherwise permitted by law or who is carrying or in possession of a machete, blackjack, loaded cane, hand chain or metal knuckles shall be authorized to carry the firearm, machete, blackjack, loaded cane, hand chain or metal knuckles into or upon any college, university or technology center school property, except as provided in this subsection.
21 O.S.Supp.2019 Â§ 1277(G). Even with the passage of HB 2597 and permitless carry, carrying firearms and other offensive weapons on these campuses is prohibited. Section 2 of SQ 809 amends 21 O.S. Â§ 1277(G). Section 2 deletes the phrase "or who is carrying or in possession of a firearm as otherwise permitted by law" and changes "firearm" to "handgun." Respondents assert that these changes to the law reconcile the removal of the permitless carry exception in 21 O.S. Â§ 1272 with the existing campus ban in 21 O.S. Â§ 1277(G), which is true. The proposed measure removes the reference to permitless carry but retains the campus prohibition as it applies to handgun licensees. The gist provides, in part: "[The proposed measure] prohibits any person, including handgun licensees, from possessing handguns or certain offensive weapons on college, university, or technology center property."
Â¶23 Our inquiry is into the sufficiency of the gist statement and what it communicates to potential signatories. Respondents assert that a signor can read this sentence and easily understand what the law would be if the measure were to pass. We agree with Respondents that this sentence states what the law will be--handgun licensees will be prohibited from possessing handguns and other weapons on campus property. We are not, however, persuaded that the gist is legally sufficient. The gist must put signatories on notice of the changes being made and explain the proposal's effect on existing law. See In re Initiative Petition No. 409, State Question No. 785, 2016 OK 51, Â¶ 3, 376 P.3d 250. SQ 809 does not make substantive changes to 21 O.S. Â§ 1277(G). The challenged provision does not mention it is retaining the campus ban that currently exists or that the campus ban that currently exists would continue to apply to handgun licensees. Approval of SQ 809 will not change the current prohibition against handguns and other offensive weapons on these campuses. Today, handgun licensees are prohibited from carrying on campus. If SQ 809 is approved, handgun licensees will be prohibited from carrying on campus. The proposed measure merely brings the statutory language in line with the other changes requiring a license to carry a handgun. Such technical changes to reconcile Â§ 1272 with Â§ 1277(G) are not significant changes to the law. We agree with Petitioner and the Attorney General's arguments this language gives the false impression that, currently, the law does not prohibit handguns and other offensive weapons on these campuses and that approval of SQ 809 would change to law to establish, create, or reinstate such a ban. Handguns are already prohibited on the campuses, and that will continue whether or not SQ 809 is approved. Furthermore, this language may induce the signature of someone who erroneously believes SQ 809 will establish a campus ban. We hold the language does not accurately explain the proposal's effect on existing law and is misleading.
Â¶24 The other problematic provision is that addressing the confiscation of firearms. The gist provides that the measure "generally prohibits confiscation of firearms during traffic stops when any person in the vehicle holds a valid handgun license." Petitioner asserts that HB 2597 did not change the law on confiscating firearms during traffic stops and this sentence is misleading. The Attorney General adds that this provision sounds like the proposed measure would make it harder for law enforcement to confiscate firearms, but it actually makes it easier.
Â¶25 The law currently provides, in pertinent part:
Any firearm lawfully carried or transported as permitted pursuant to state law shall not be confiscated, unless:
1. The person is arrested for violating another provision of law other than a violation of subsection A of this section; provided, however, if the person is never charged with an offense pursuant to this paragraph or if the charges are dismissed or the person is acquitted, the weapon shall be returned to the person; or
2. The officer has probable cause to believe the weapon is:
a. contraband, or
b. a firearm used in the commission of a crime other than a violation of subsection A of this section.
21 O.S.Supp.2019 Â§ 1289.13A(B). With permitless carry making it lawful to carry a firearm without a license, most firearms are being lawfully carried or transported and not subject to confiscation, unless there is a separate legal basis for confiscation. Section 7 of SQ 809 amends 21 O.S. Â§ 1289.13A. The proposed measure prohibits the confiscation of firearms during a traffic stop only when the arresting officer determines that someone in the vehicle has a valid handgun license.
Â¶26 The proposed measure would change the law from a general prohibition against the confiscation of firearms to a specific prohibition against confiscating firearms when someone in the vehicle has a handgun license. Today, confiscation is prohibited without regard to whether someone in the vehicle has a handgun license. SQ 809, if approved, would prohibit the confiscation of firearms only if someone in the vehicle has a handgun license. We hold the language does not accurately explain the proposal's effect on existing law and is misleading.
Â¶27 We are also troubled by the use of "restores" in the gist statement. This requires potential signatories to know what the law was prior to HB 2597. Stating that the measure "generally restores" or "restores" prior law is both confusing and misleading. The proposed measure seeks to change the current law. It does that by repealing some of the current law, which was enacted by HB 2597, and proposing new law. However, the proposed measure also retains several aspects of HB 2597. The proposed measure does not seek to repeal every law enacted by HB 2597 and reinstate the prior law. As discussed above, the gist does not make it clear what changes to existing law are being proposed.
IV. CONCLUSION
Â¶28 The gist suggests a change to the law that is not being proposed, does not accurately explain the proposal's effect on existing law, and is misleading.
INITIATIVE PETITION NO. 425, STATE QUESTION NO. 809
IS DECLARED INVALID AND ORDERED STRICKEN FROM THE BALLOT
CONCUR: Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Combs, Kane, JJ.,
and Reif, S.J.
CONCUR IN PART, DISSENT IN PART: Rowe (by separate writing), J.
RECUSED: Edmondson, Colbert, JJ.
FOOTNOTES
[1] In re Referendum Petition No. 26, State Question No. 803, No. 118,238.
[2] Lowe v. Stitt, CJ-2019-5628; Lowe v. Stitt, No. 118,371.
[3] This Court granted Petitioner's motion for oral argument on March 2, 2020. Oral argument was scheduled for March 31, 2020. However, due to COVID-19, on March 23, 2020, this Court cancelled oral argument and stayed the proceedings, with the exception of additional briefing, until further notice. The stay was lifted May 11, 2020.
[4] As of April 28, 2015, the more detailed ballot title is no longer part of the pamphlet circulated to potential signatories. See 34 O.S.Supp.2015 Â§Â§ 2, 8(A). As a result, [t]he gist alone must now work to prevent fraud, corruption, and deceit in the initiative process." In re Initiative Petition No. 409, State Question No. 785, 2016 OK 51, Â¶ 4, 376 P.3d 250.

ROWE, J. concurring in part and dissenting in part:
Â¶1 I concur in the Court's judgment that the gist of State Question No. 809, Initiative Petition No. 425 ("SQ 809") is legally insufficient. Specifically, the gist's third sentence regarding the prohibition of handguns and other offensive weapons on educational campuses fails to accurately explain the measure's effect on existing law and, more importantly, is misleading. I write separately, however, because I disagree with the court's holding that the provision in the gist addressing confiscation of firearms during traffic stops is similarly misleading.
Â¶2 The relevant provision states that SQ 809 "generally prohibits confiscation of firearms during traffic stops when any person in the vehicle holds a valid handgun license." The majority points out that the law currently provides a general prohibition on confiscation of lawfully carried firearms. 21 O.S. Â§ 1289.13A(B). Under the current system of permitless carry, most firearms are lawfully carried or transported, and thus, few are subject to confiscation. In keeping with its broader purposes of eliminating permitless carry and reinstating a licensing regime, SQ 809 would amend 21 O.S. Â§ 1289.13A(B) to prohibit confiscation only when someone in the vehicle has a valid handgun license.
Â¶3 The majority states that this provision in the gist fails to communicate the true effect of SQ 809 on existing law, which is a transition from a general prohibition on confiscation to a much narrower prohibition on confiscation when someone in the vehicle has a handgun license. While the provision may not be the most artful explanation of SQ 809's effect on confiscation, it is adequate to put signatories on notice of the changes being made by the measure. In re Petition No. 409, State Question No. 785, 2016 OK 51, Â¶ 3, 376 P.3d 250, 252. The provision communicates to signatories that a change to the confiscation rules would be made and that if the measure were adopted, confiscation would be prohibited if someone in the vehicle has a handgun license.
Â¶4 Moreover, this provision is not misleading in the same way as the one addressing possession of weapons on educational campuses, which ascribes credit to SQ 809 for a law that currently exists, and which is so misleading that it cannot pass the test for fraud. Id. (citing In re Initiative Petition No. 409, 1996 OK 122, Â¶ 18, 927 P.2d 558, 567).
Â