OSCN Found Document:IN RE STATE QUESTION No. 813, INITIATIVE PETITION No. 429

 

 
 

 
 IN RE STATE QUESTION No. 813, INITIATIVE PETITION No. 429
2020 OK 79
Case Number: 118733
Decided: 09/28/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 79, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN RE: STATE QUESTION No. 813, INITIATIVE PETITION No. 429

PAUL TAY, Petitioner/Protestant,
v.
DANNA MALONE, R. HENDRIX, SHERRI TAYLOR, MONICA GREEN, JOHN KOUMBIS, and PATRICK MALONE Respondents/Proponents.
ORDER
Â¶1 Original jurisdiction is assumed. Okla. Const. art. VII, Â§ 4; In re Initiative Petition No. 409, State Question No. 785, 2016 OK 51, Â¶ 2, 376 P.3d 250, 252; 34 O.S. Supp.2015, Â§ 8. Petitioner Paul Tay challenges the legal sufficiency of State Question No. 813, Initiative Petition No. 429. Upon review, we hold that State Question No. 813's gist is misleading as it fails to alert potential signatories of changes being made to the law or with sufficient information to make an informed decision about the proposed constitutional amendment. State Question No. 813 is declared invalid and ordered stricken from the ballot.
Â¶2 Petitioner asserts State Question 813 is unconstitutional because it violates the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, as well as Okla. Const., art. 1, Â§ 1. Specifically, Petitioner contends State Question 813 directly conflicts with the Controlled Substances Act, 21 U.S.C. Â§Â§ 801-904, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Â§Â§ 1961-1968. He also argues State Question 813 conflicts with the 10th Amendment of the United States Constitution. Finally, Petitioner challenges the ballot title of State Question 813 as misleading and claims that State Question 813 amounts to logrolling.
Â¶3 If enacted, State Question 813 would add a new article to the Oklahoma Constitution that would regulate and tax recreational and medical marijuana. The proposed article contains 38 sections, totaling 41 pages. State Question 813 seeks to establish a regulatory framework within the Constitution for recreational marijuana use (adult-use marijuana) and replace the current regulatory framework and the law for medical marijuana. State Question 813 sets a flat tax of 25% on all marijuana sales, while exempting marijuana sales from all other state, municipal, or other local taxes.
Â¶4 Proponents of State Question No. 813 have moved to dismiss Petitioner's protest as Petitioner did not serve copies of his challenge to State Question 813 on any of the Proponents when he initially filed his petition in protest. Citing Supreme Court Rule 1.4(g) and 12 O.S., Â§ 2005(B), Proponents contend that failure to serve should result in dismissal. The Court directed Petitioner to serve Proponents with a copy of his protest, and Petitioner provided confirmation to the Court that he complied.
Â¶5 Petitioner's challenge is governed by 34 O.S. Supp.2015, Â§ 8(B). Section 8(B) requires that if a person chooses to file a protest to an initiative petition, that person must give written notice to this Court and to the proponents of the initiative petition. 34 O.S., Â§8(B). The person must also send a copy of the protest to the Secretary of State. This Court treats protests to initiative petitions as part of its original jurisdiction. Both Supreme Court Rules governing filings here, Rule 1.191(e) and Rule 1.4(g), provide no firm mandate for dismissal where a party does not initially serve original action filings. Finally, we are guided by precedent, and service of a protest to this Court or the Secretary of State "is sufficient notice to all parties." In re Initiative Petition No. 260, State Question No. 377, 1956 OK 196, Â¶ 8, 298 P.2d 753, 755. Petitioner complied with 34 O.S., Â§ 8(b) and this Court's Rules, albeit late and at this Court's instruction. Therefore, we deny Proponents' request to dismiss Petitioner's protest.
Â¶6 We next turn to the Petitioner's legal challenges. The right to propose amendments to the Oklahoma Constitution by initiative petition is a right "zealously" protected by the Court. In re: State Question No. 807, Initiative Petition No. 423, 2020 OK 57, Â¶ 10. "[I]t is the duty of this Court to review the petition to ensure that it complies with the rights and restrictions established by the Oklahoma Constitution, legislative enactments, and this Court's jurisprudence." Id. Â¶ 11. Petitioner bears a heavy burden to establish any infirmity with State Question 813, and any doubt "is resolved in favor of the initiative" petition. Id. Â¶ 12.
Â¶7 The majority of Petitioner's legal challenges have already been decided by this Court. In In re: State Question No. 807, Initiative Petition No. 423, 2020 OK 57, Â¶ 41, the Court rejected Petitioner's arguments that State Question 807 violated the supremacy clause of both the Oklahoma and United States Constitution. State Question 807, like State Question 813, seeks to legalize, regulate, and tax recreational marijuana. The In re: State Question No. 807 Court held that the Controlled Substances Act does not preempt Oklahoma's ability to legalize, tax, or regulate marijuana. Id. Â¶ 35. The Court also concluded that neither the 10th Amendment nor the anti-commandeering doctrine render SQ 807 unconstitutional. Id. Â¶ 29. Finally, the Court concluded legalizing marijuana and taxing marijuana sales do not establish a violation of RICO. Id. Â¶ 40. We apply those holdings to Petitioner's arguments here, and reject each.
Â¶8 Petitioner's next argument is that the ballot title of State Question 813 is misleading. Petitioner's challenge to the ballot title is premature. See 34 O.S., Â§ 8(H). However, Petitioner timely filed his challenge to the legal sufficiency of the gist. See id. Â§ 3; In re: Initiative Petition No. 426, State Question No. 810, 2020 OK 44, Â¶ 6. We broadly construe Petitioner's argument here as he is proceeding pro se and the ballot title and gist are identical for State Question 813. Additionally, "this Court must review the petition to ensure that it complies with the 'parameters of the rights and restrictions [as] established by the Oklahoma Constitution, legislative enactments and this Court's jurisprudence.'" In re Initiative Petition No. 384, State Question No. 731, 2007 OK 48, Â¶ 2, 164 P.3d 125, 127 (quoting In re Initiative Petition No. 379, State Question No. 726, 2006 OK 89, Â¶16, 155 P.3d 32, 38). A gist must present an outline, or rough sketch, of what the initiative petition will accomplish to fully inform potential signatories. See Oklahoma's Children, Our Future, Inc. v. Coburn, 2018 OK 55, Â¶ 13, 421 P.3d 867, 871.
The gist of State Question 813 is as follows:

This measure adds a new Article to the Constitution of the State of Oklahoma. This Article will heal State Question 788 which the Oklahoma State Legislature, the Oklahoma Medical Marijuana Authority, the Oklahoma Bureau of Narcotics and Dangerous Drugs, the Oklahoma State Department of Health, Local Governments, has desecrated since 57% of Oklahoma voters passed SQ788 on the historic day of June 26, 2018. This Article will not only heal the damage created by those named above, it will responsibly legalize, regulate and tax Adult-Use Marijuana for persons aged 18 and older under state law.
Â¶9 Only the final clause of the final sentence of the gist provides any detail as to what State Question 813 intends to amend in the Oklahoma Constitution. As the Court explained in In re Initiative Petition No. 409, 2016 OK 51, Â¶ 6, 376 P.3d at 253, a gist that "fails to alert potential signatories of the changes being made to the law and does not provide a potential signatory with sufficient information to make an informed decision about the true nature of the proposed constitutional amendment" renders an initiative petition invalid. Here, the Court need not engage in any detailed analysis as it is clear State Question 813's gist fails to inform potential signatories of the extensive changes that State Question 813 proposes. Just at a cursory glance, the gist does not inform signatories that it replaces all medical marijuana laws and regulations, that it establishes an entire regulatory system for recreational marijuana, that it bars any further legislation, agency action, or local ordinance to regulate medical or recreational marijuana, that it exempts all marijuana sales from state and local taxes, and that it modifies banking regulations. State Question 813's gist is insufficient to inform signatories of the vast array of changes State Question 813 will make to existing law. We therefore hold that the gist does not fairly describe the proposed constitutional article and is invalid. The gist is not subject to amendment by this Court, and as a result, the only remedy is to strike the initiative petition from the ballot. 
Â¶10 State Question No. 813, Initiative Petition No. 429 is declared invalid and ordered stricken from the ballot. 
DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 28th DAY OF SEPTEMBER, 2020.
/SCHIEF JUSTICE
CONCUR: Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Colbert, and Combs, JJ.
CONCURS IN RESULT: Edmondson, J.
CONCUR IN PART; DISSENT IN PART: Kane and Rowe (by separate writing), JJ.
KANE, J., concurring in part; dissenting in part:
"I dissent to the finding that State Question 813 is not preempted by the Controlled Substances Act, as noted in my dissent in In re: State Question No. 807, Initiative Petition No. 423, 2020 OK 57."

Rowe, J., with whom Kane, J., joins, concurring in part, dissenting in part:
Â¶1 I concur in the Court's order assuming original jurisdiction; declaring the gist of State Question No. 813, Initiative Petition No. 429 ("SQ 813") legally insufficient; and striking SQ 813 from the ballot.
Â¶2 I dissent as to the Court's finding that SQ 813 is not preempted by the Controlled Substances Act ("CSA"), 21 U.S.C. Â§Â§ 801-904. As noted in my dissent in In re State Question No. 807, Initiative Petition No. 423, the legalization and regulation of recreational marijuana will lead to substantial increases in the cultivation, manufacture, distribution, dispensation, and use of marijuana. In re State Question No. 807, Initiative Petition No. 423, 2020 OK 57, Â¶4 (Rowe, J., dissenting). The CSA designates marijuana as a Schedule I controlled substance and explicitly prohibits any person from manufacturing, distributing, or dispensing marijuana, or possessing it with intent to do any of foregoing. 21 U.S.C. Â§Â§ 841(a)(1), 844(a); 21 C.F.R. Â§ 1308.11(d)(23). If SQ 813 were allowed to become law, it would present a "positive conflict" with federal law. See Hillsborough City, Fla. v. Automated Med Labs, Inc., 471 U.S. 707, 713 (1985) (describing "positive conflict" preemption as arising either when it is impossible to comply with both federal and state law, or where state law stands as an obstacle to the accomplishment and execution of Congress's full purposes and objectives). As such, SQ 813 is preempted by the CSA.
Â¶3 Accordingly, I concur in part and dissent in part.